HUGHES HUBBARD & REED LLP
Christopher Paparella
John Fellas
Hagit Elul
One Battery Park Plaza
New York, New York 10004
(212) 837-6000
paparella@hugheshubbard.com

*Attorneys for Defendants Technip Italy S.p.A. and Technip S.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOVENSA L.L.C.,<br><br>       Plaintiff,<br><br>  -vs-<br><br>TECHNIP ITALY S.P.A. and<br>TECHNIP S.A.,<br><br>       Defendants. | Case No.: 08 CIV. 1221 (NRB) |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS THE
COMPLAINT FOR FAILURE TO JOIN AN INDISPENSABLE PARTY,
FAILURE TO STATE A CLAIM AND LACK OF PERSONAL JURISDICTION**

## TABLE OF CONTENTS

Page

Introduction............................................................................................................1

Background............................................................................................................3

The Parties ......................................................................................................3

Hovensa's Construction Agreement With TPVI And E&P Agreement
With Technip Italy..........................................................................................3

The Unsigned Draft Parent Guaranty ............................................................4

The Complaint ................................................................................................5

The New York State Court Proceeding .........................................................6

Offer To Arbitrate ..........................................................................................6

Argument ..............................................................................................................6

I.      THE COMPLAINT MUST BE DISMISSED FOR FAILURE TO
        JOIN TPVI UNDER FED. R. CIV. P. 12(B)(7) AND 19. ......................6

        A.      TPVI Is A Required Party Under Rule 19(a).............................8

        B.      TPVI's Joinder Would Deprive The Court Of Diversity
                Jurisdiction And The Action Cannot Proceed "In Equity
                And Good Conscience" In TPVI's Absence Under Rule
                19(b)........................................................................................11

II.     COUNTS ONE, THREE AND FOUR OF THE COMPLAINT
        MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM
        UNDER FED. R. CIV. P. 12(B)(6). .......................................................13

        A.      Hovensa's Claims In Counts One, Three And Four Fail To
                State A Claim Because They Are Based On A Wholly
                Implausible Factual Scenario. ..................................................13

        B.      Hovensa's Breach Of Contract Claim Against Technip S.A.
                On The Unsigned Draft Guaranty Is Barred By The Statute
                Of Frauds. ................................................................................14

        C.      Hovensa's Complaint Fails To State A Claim For Breach
                Of The Construction Agreement Against Technip Italy............16

# TABLE OF CONTENTS

Page

D.  Hovensa's Breach Of Contract Claim Is Barred By The
Integration Clauses In The E&P Agreement And
Construction Agreement. .......................................................................16

E.  Hovensa Fails To State A Claim For Promissory Estoppel
Or Unjust Enrichment/Quasi-contract. ......................................................17

III.  THE COMPLAINT MUST BE DISMISSED UNDER FED. R.
CIV. P. 12(B)(2) AS TO TECHNIP S.A. BECAUSE THIS
COURT LACKS PERSONAL JURISDICTION OVER TECHNIP
S.A. ....................................................................................................................20

Conclusion ...............................................................................................................................21

# TABLE OF AUTHORITIES

Page

## CASES

*Alpi USA, Inc. v. D & F Fashion Int'l Gemelli*, 2007 WL 942096 (S.D.N.Y.
    March 29, 2007).........................................................................................................20

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ....................................................14

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002).........................................4

*Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382 (1987) .......................18

*Compagnia Importazioni Esportazioni Rapresentanze v. L-3 Commc'ns*, 2007 WL
    2244062 (S.D.N.Y. July 31, 2007) .................................................................17, 19

*Corsi v. Eagle Publ'g, Inc.*, 2008 WL 239581 (D.D.C. Jan. 30, 2008)..........................12

*Crowley v. Visionmaker L.L.C.*, 512 F. Supp. 2d 144 (S.D.N.Y. 2007).........................18

*DDCLAB Ltd. v. E.I. DuPont De Nemours & Co.*, 2005 WL 425495 (S.D.N.Y.
    Feb. 15, 2005) .............................................................................................................19

*Darby Trading Inc. v. Shell Int'l Trading & Shipping Co.*, 2008 WL 852787
    (S.D.N.Y. March 31, 2008)..........................................................................................19

*In re Elevator Antitrust Litig.*, 502 F.3d 47 (2d Cir. 2007)............................................14

*Ente Nazionale Idrocarburi v. Prudential Secs. Group, Inc.*, 744 F. Supp. 450
    (S.D.N.Y. 1990)..................................................................................................10, 12

*Envirotech Corp. v. Bethlehem Steel*, 729 F.2d 70 (2d Cir. 1984) .................................11

*Felix Cinematografica v. Penthouse Int'l*, 99 F.R.D. 167 (S.D.N.Y. 1983) ..................12

*Global Discount Travel Servs., LLC v. Trans World Airlines, Inc.*,  960 F. Supp.
    701 (S.D.N.Y. 1997)...........................................................................6, 8-9, 10

*Hartford Fire Ins. Co. v. Federated Dep't Stores, Inc.*, 723 F. Supp. 976
    (S.D.N.Y. 1989) ...........................................................................................................17

*Holmes v. Lorch*, 329 F. Supp. 2d 516 (S.D.N.Y. 2004)................................................17

*Kawahara Enters. v. Mitsubishi Elec. Corp*, 1997 WL 589011 (S.D.N.Y. Sept. 22,
    1997) ....................................................................................................... 9-10, 11

*Manhattan Woods Golf Club, Inc. v. Morgan*, 192 B.R. 80 (S.D.N.Y. 1996)................15

# TABLE OF AUTHORITIES

Page

*Mareno v. Rowe*, 910 F.2d 1043 (2d Cir.1990) .................................................................21

*Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899 (2d Cir.1981) ................................4

*Martin Roofing, Inc. v. Goldstein*, 60 N.Y.2d 262 (1983).........................................14, 15

*Mattera v. Clear Channel Commc'ns, Inc.*, 239 F.R.D. 70 (S.D.N.Y. 2006)...................4

*Merex A.G. v. Fairchild Weston Sys., Inc.*, 29 F.3d 821 (2d Cir. 1994)........................19

*Minichiello v. Royal Bus. Funds Corp.*, 18 N.Y.2d 521 (1966) ....................................18

*N. Am. Knitting Mills, Inc. v. Int'l Women's Apparel, Inc.*, 2000 WL 1290608
    (S.D.N.Y. Sept. 12, 2000)..........................................................................................19

*Parma Tile Mosaic & Marble Co. Inc. v. Short*, 87 N.Y.2d 524 (1996) .......................15

*Prescient Acquisition Group Inc. v. MJ Publ'g Trust*, 2006 WL 2136283
    (S.D.N.Y. July 31, 2006) ................................................................................16, 18, 20

*Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102 .....................7, 12

*Rubler v. Unum Provident Corp.*, 2007 WL 188024 (S.D.N.Y. Jan. 25, 2007).........9, 11

*Savin v. Ranier*, 898 F.2d 304 (2d Cir. 1990) ...............................................................20

*Travelers Indem. Co. v. Household Int'l, Inc.*, 775 F. Supp. 518 (D. Conn. 1991).......11

*Underhill Constr. Corp. v. New York Tel. Co.*, 56 A.D.2d 760 (1st Dep't 1977),
    *aff'd without opinion*, 44 N.Y.2d 666 (1978) ...........................................................18

*ZPC 2000, Inc. v. SCA Group, Inc.*, 86 F. Supp. 2d 274 (S.D.N.Y.2000)....................20

## RULES

CPLR § 301...........................................................................................................................21

CPLR § 302...........................................................................................................................21

Fed. R. Civ. P. 12(b)(2)..............................................................................................1, 4, 20

Fed. R. Civ. P. 12(b)(6).......................................................................................1, 4, 13, 14

Fed. R. Civ. P. 12(b)(7)...............................................................................................1, 4, 6

Fed. R. Civ. P. 19(a) ................................................................................................ *passim*

Fed. R. Civ. P. 19(b) ................................................................................................ *passim*

## TABLE OF AUTHORITIES

Page

## STATUTES

28 U.S.C. § 1332(a)(2).........................................................................................................................7

v

**Introduction**

Defendants Technip Italy S.p.A. ("Technip Italy") and Technip S.A. submit this Memorandum of Law in support of their motion to dismiss the Complaint in this action pursuant to Fed. R. Civ. P. 12(b)(7) and 19(b) on the ground that Plaintiff Hovensa L.L.C. ("Hovensa") has failed to join an indispensable party. The Complaint in this action is for breach of a construction contract between Hovensa and non-party TPVI Limited ("TPVI"). Yet, Hovensa has not named TPVI as a defendant because Hovensa and TPVI are not of diverse citizenship and joinder of TPVI would deprive this Court of subject-matter jurisdiction over this action. Instead, Hovensa has named only TPVI's corporate affiliates, Technip Italy and Technip S.A., neither of which is a party to Hovensa's construction contract with TPVI.

It is black-letter law that Hovensa cannot circumvent the statutory limits on this Court's subject-matter jurisdiction by failing to join a non-diverse party like TPVI with a substantial interest in the action. Indeed, the courts have held that a contract party like TPVI is the "paradigm of an indispensable party." In accordance with this well-established principle, this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) and 19(b) for failure to join TPVI.

Defendants also move under Fed. R. Civ. P. 12(b)(6) to dismiss Counts One, Three and Four of the Complaint for failure to state a claim upon which relief can be granted and Fed. R. Civ. P. 12(b)(2) to dismiss the Complaint as to Defendant Technip S.A. on the ground that this Court lacks personal jurisdiction over it.

Counts One, Three, and Four fail to state a claim because they are based on the implausible notion that Hovensa negotiated and signed separate, detailed, written contracts with TPVI and Technip Italy, but also had oral agreements and promises from Technip Italy and Technip S.A. that they would also be obligated under the Hovensa's contract with TPVI.

Dismissal is warranted on this ground alone. But there are additional defects in each of these claims.

Count One does not state a valid cause of action against Technip Italy and Technip S.A. for Hovensa's breach of the construction agreement with TPVI. Hovensa does not — and cannot — allege that Technip Italy and Technip S.A. are parties to the construction agreement. Among other things, the merger clause in the construction agreement bars such a claim. New York's Statute of Frauds bars Hovensa's effort to hold Technip S.A. liable under an unsigned, undated draft "parent guaranty" that does not even contain Technip S.A.'s name.

Counts Three and Four (which merely relabel Hovensa's breach of contract claims) do not state valid claims for promissory estoppel and unjust enrichment. There is a valid contract (the construction agreement) covering the subject matter of these claims and Hovensa merely seeks recovery of amounts it claims are owed under the construction agreement. Moreover, New York law precludes a party from using an unjust enrichment claim to circumvent the statute of frauds.

Finally, this Court lacks personal jurisdiction over Technip S.A. because the unsigned draft parent guaranty on which Hovensa premises jurisdiction over Technip S.A. is void and unenforceable under the Statute of Frauds. Hovensa does not allege any other basis of for personal jurisdiction over Technip S.A., and none exists.

## Background

*The Parties*

Plaintiff Hovensa is a United States Virgin Islands limited liability company with its principal place of business in Christiansted, St. Croix, U.S. Virgin Islands. (Compl. ¶ 1.)[1] Plaintiff owns and operates an oil refinery in St. Croix. (*Id.* ¶ 6.)

Defendant Technip Italy is an Italian corporation with its principal place of business in Rome, Italy. (*Id.* ¶ 2.) Technip Italy is the parent corporation of nonparty TPVI, which is a United States Virgin Islands corporation. (*Id.* ¶ 17.) Defendant Technip S.A. is a French corporation with its principal place of business in Paris, France. (*Id.* ¶ 3.) Technip S.A. is the parent corporation of Defendant Technip Italy. (*Id.* ¶ 2.)

*Hovensa's Construction Agreement With TPVI And E&P Agreement With Technip Italy*

Hovensa solicited bids in June 2004 for the engineering, procurement and construction of a low sulfur gasoline hydrotreater unit at its St. Croix refinery. (*Id.* ¶ 7.) Hovensa decided to contract for the project under two separate agreements "for local tax purposes": an offshore engineering and procurement agreement (the "E&P Agreement") and an onshore construction agreement (the "Construction Agreement"). (*Id.*)

At a kick off meeting held in Rome, Italy on or about March 10, 2005, Hovensa signed the Construction Agreement with TPVI and the E&P Agreement with Technip Italy. (*Id.*

---

1.   The Complaint is Exhibit 1 to the accompanying declaration of Christopher Paparella dated April 17, 2008 ("Paparella Decl.").

¶ 20.) (The Construction Agreement and E&P Agreement are Exhibits 1 and 2, respectively, to the accompanying Declaration of Etienne Gory dated April 17, 2008 ("Gory Decl.").)[2]

Hovensa does not allege that Technip Italy and Technip S.A. signed or became parties to the Construction Agreement. To the contrary, Hovensa alleges that TPVI was formed to enter into the Construction Agreement with Hovensa and that TPVI and Hovensa duly executed the Construction Agreement. (Compl. ¶¶ 16-17, 19-20.)

*The Unsigned Draft Parent Guaranty*

Appendix Q to the Construction Agreement is an unsigned, undated draft "parent guaranty." (Gory Decl., Ex. 3.) This draft guaranty states that it was to be signed by Hovensa and the parent company of the contractor. (*Id.* at 1.) The draft guaranty is unsigned and undated. It does not contain the name of the guarantor or the contractor. (*Id.*)

Hovensa does not allege that Technip S.A. ever signed this draft guaranty (and indeed Technip S.A. did not sign this guaranty). (Declaration of Patrick Picard dated April 17, 2008 ("Picard Decl.") ¶ 3.) Technip S.A. is not the "parent company" of TPVI, the "contractor" under the Construction Agreement. (Gory Decl., Ex. 1 at 1.) To the contrary, Hovensa alleges that Technip Italy is TPVI's parent company. (Compl. ¶¶ 10, 17.)[3]

Prior to filing this lawsuit, Hovensa never asserted that Technip S.A. had guaranteed TPVI's performance under the draft guaranty or otherwise. (Gory Decl. ¶5, Ex. 5.)

---

2. The Court may consider the contents of any documents attached to, incorporated by reference in, or relied on in drafting, the complaint in considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). The Court may also consider evidence outside the pleadings in considering a motion to dismiss for failure to join an indispensable party under Fed. R. Civ. P. 12(b)(7), *see Mattera v. Clear Channel Commc'ns, Inc.* 239 F.R.D. 70, 74 (S.D.N.Y. 2006), and a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P 12(b)(2), *see Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir.1981).

3. References in the Complaint to "Technip" are references to Technip Italy, not Technip S.A. or any other Technip entity. (Compl. ¶ 2.)

Hovensa sent various letters raising claims to TPVI concerning the Construction Agreement. (*Id.*) Yet, Hovensa did not send these or any other claim letters to Technip S.A. (*Id.*)

*The Complaint*

The Complaint asserts four causes of action.

Count One for breach of contract is asserted against Technip Italy and Technip S.A. and seeks to recover over $31 million in alleged overpayments Hovensa claims it made under the Construction Agreement. (Compl. ¶ 49.) Hovensa alleges that it is entitled to reimbursement of these overpayments pursuant to Article 23 and Appendix D, Exhibit 1 of the Construction Agreement. (*Id.* ¶¶ 50, 54.) Hovensa alleges that Technip S.A. is liable for TPVI's alleged breach of the Construction Agreement under the undated, unsigned draft guaranty that is Appendix Q thereto. (*Id.* ¶¶ 45, 46-55.) Hovensa does not allege the basis on which Technip Italy is liable for TPVI's alleged breach of the Construction Agreement.

Count Two for breach of contract is asserted against Technip Italy and incorporates by reference all of the previous allegations in the Complaint (Compl. ¶ 56), but Count Two seeks to recover unspecified damages from Technip Italy for its alleged breach of its obligations under the E&P Agreement with respect to certain recycle compressors (*id.* ¶¶ 56-61). The recycle compressors were engineered and procured by Technip Italy under the E&P Agreement but were installed and commissioned by TPVI under the Construction Agreement. (*See* Gory Decl., Ex. 4: Excerpts from Construction Agreement, Appendix A "Scope of Work".)

Counts Three and Four, for promissory estoppel and unjust enrichment/quasi-contract are asserted against Technip Italy and Technip S.A. and seek to recover on the alternative grounds of promissory estoppel and unjust enrichment/quasi-contract the alleged $31 million overpayment sought as damages for Hovensa's breach of contract claim under Count One. (*Id.* ¶¶ 62-73.) These Counts merely relabel Hovensa's breach of contract claim.

5

*The New York State Court Proceeding*

On April 17, 2008, TPVI and Technip Italy filed an action in New York state court, styled *TPVI, Ltd. and Technip Italy S.p.A. v. Hovensa L.L.C.* (N.Y. Sup. Ct. Index No.601158/2008) for, *inter alia*, breach of the Agreements. (Paparella Decl., Ex. 2.)

*Offer to Arbitrate*

Technip Italy and Technip S.A. are willing to arbitrate all of their disputes with Hovensa in New York pursuant to Article 24 of the E&P Agreement and Article 27 of the Construction Agreement, which provide, among other things, that the parties may agree to resolve disputes by arbitration under the rules of the American Arbitration Association. (Gory Decl., ¶ 6; Ex. 1 ¶ 27.2.2; Ex. 2 ¶ 24.2.2.)

## Argument

### I.  THE COMPLAINT MUST BE DISMISSED FOR FAILURE TO JOIN TPVI UNDER FED. R. CIV. P. 12(b)(7) AND 19.

The standards applicable to this motion are well-settled. A court must dismiss a complaint under Federal Rules of Civil Procedure 12(b)(7) and 19(b) if the plaintiff has failed to join a party whose presence is necessary for a just adjudication of the dispute and the absent party cannot be joined without depriving the court of subject-matter jurisdiction.

The court must first determine whether the absent party's presence is "required"[4] under Fed. R. Civ. P. 19(a). *Global Discount Travel Servs., LLC v. Trans World Airlines, Inc.*, 960 F. Supp. 701, 707 (S.D.N.Y. 1997). A party is required if (i) "in that person's absence, the

---

4.  A recent amendment to Rule 19 omits reference to parties as "necessary" or "indispensable," and instead refers to persons as "required to be joined if feasible." The Advisory Committee notes that the "changes are intended to be stylistic only" and further notes that use of the term "indispensable" has been "discarded as redundant." Fed. R. Civ. P. 19, 2007 advisory committee's note.

court cannot accord complete relief among existing parties;" or (ii) the absent party "claims an interest relating to the subject of the action" which will be prejudiced by the continuation of the action; or (iii) the absence of a party presents a substantial risk to the existing party of multiple litigation or inconsistent obligations. Fed. R. Civ. P. 19(a)(1).

If the absent required party cannot be joined because, as here, it would deprive the court of subject-matter jurisdiction, the court must balance the Rule 19(b) factors and determine whether the action can proceed "in equity and good conscience" in the party's absence; if not, the action must be dismissed. Fed. R. Civ. P. 19(a)(1) & (b).[5]

Rule 19(b) requires the court to weigh the relative interests of those already parties, the absent party and the courts. It lists the following considerations: (i) the potential prejudice of a judgment to the absent and existing parties; (ii) the extent to which that prejudice could be avoided; (iii) whether the court can render an adequate judgment in the person's absence; and (iv) whether the plaintiff has an adequate alternative remedy if the action is dismissed. Fed. R. Civ. P. 19(b).

The United States Supreme Court has interpreted Rule 19(b)'s four-factor test in *Provident Tradesmens Bank & Trust Co. v. Patterson* as follows:

> First, the plaintiff has an interest in the having a forum. Before the trial, the strength of this interest obviously depends on whether a satisfactory alternative forum exists. . . . Second, the defendant may properly wish to avoid multiple litigation, or inconsistent relief, or sole responsibility for a liability he shares with another. . . . Third, there is the interest of the outsider whom it would have been desirable to join. . . . [A]s Rule 19(a) expresses it, the court must consider the extent to which the judgment may 'as a

---

5. Here, TPVI's joinder would deprive the Court of diversity jurisdiction because Hovensa and TPVI are both citizens of the U.S. Virgin Islands. (Compl. ¶¶ 1, 17: setting forth citizenship of Hovensa and TPVI.) Hovensa has not alleged any basis for federal subject-matter jurisdiction other than diversity jurisdiction, and no other basis exists. (*Id.* ¶ 4: asserting diversity jurisdiction under 28 U.S.C. § 1332(a)(2).)

> practical matter impair or impede his ability to protect' his interest
> in the subject matter. . . . Fourth, there remains the interest of the
> courts and the public in complete, consistent and efficient
> settlement of controversies.  We read the Rule's third criterion,
> whether the judgment issued in the absence of the nonjoined party
> will be 'adequate', to refer to the public stake in settling disputes
> by wholes, whenever possible.

390 U.S. 102, 109-111 (1968).

The foregoing standards mandate dismissal of Hovensa's complaint for failure to

join TPVI.

A.    TPVI Is A Required Party Under Rule 19(a).

The allegations in the Complaint make it apparent that the Court cannot accord

complete relief among existing parties without TPVI's presence.

The crux of the Complaint is that Hovensa made overpayments under the

Construction Agreement and is entitled to reimbursement of such payments.  All four causes of

action are based in whole or in part on TPVI's alleged breach of the Construction Agreement.

Counts One, Three and Four seek recovery of amounts Hovensa claims are due under the

Construction Agreement.  (Compl. ¶¶ 46-55; 62-66; 67-73.)  Count Two purports to be for

breach of the E&P Agreement.  However, it incorporates all of the other allegations regarding

breach of the Construction Agreement and concerns alleged problems with recycle compressors

that TPVI installed and commissioned under the Construction Agreement.  (Gory Decl. Ex. 4:

Construction Agreement, Appendix A at ¶¶ 5.7.1(a) and 7.0(d).)

This Court cannot render complete relief without TPVI given that the central issue

in this action is whether TPVI breached its obligations under the Construction Agreement.

*Global Discount Travel Servs.*, 960 F. Supp. at 707 (S.D.N.Y. 1997), is on point.  *Global*

*Discount* involved an action by Global, a seller of discounted airline tickets, against TWA.

Global's claims against TWA were based on a contract between TWA and Global's affiliate,

Karabu. Global and TWA were of diverse citizenship but Karabu and TWA were both Missouri citizens. The court granted TWA's motion to dismiss the complaint for failure to join Karabu as an indispensable party, holding that because Karabu was a party to the contract sued on complete relief could not be accorded to the existing parties to the action. "[T]he complete relief clause of Rule 19(a) was designed to 'stress the desirability of joining those persons in whose absence the court would be obliged to grant partial or 'hollow' rather than complete relief to the parties before the court.'" *Id.* at 708.

The decision in *Global Discount* also makes clear that the second Rule 19(a) consideration — the risk of prejudice to the absent party — is also satisfied here. There is a significant risk of prejudice to TPVI's interests in permitting Hovensa to pursue this action for breach of the Construction Agreement without TPVI's participation. The court in *Global Discount* held it was axiomatic that the disposition of a breach of contract action in the absence of one of the parties to the contract could "as a practical matter impair or impede [the absent contracting party's] ability to protect its interest." *Id.* The court noted that Rule 19(a) did not require a showing that "this Court's finding on the meaning of the contract literally bind all other courts that might give attention to the matter. Rather, Rule 19(a)(2) 'recognizes the importance of protecting the person whose joinder is in question against the *practical* prejudice to him which may arise through a disposition of the action in his absence.'" *Id.*; *see also Rubler v. Unum Provident Corp.*, 2007 WL 188024, at *2 (S.D.N.Y. Jan. 25, 2007) (dismissing action and holding that the court was unable to accord complete relief in the absence of the principal corporate obligor and stating: "it is difficult to imagine how the issue of whether First Unum breached its obligations under the Policies would be resolved without its participation in the litigation"); *Kawahara Enters. v. Mitsubishi Elec. Corp.*, 1997 WL 589011, at *3 (S.D.N.Y.

9

Sept. 22, 1997) (dismissing claims in absence of corporate subsidiaries who were the sole contracting entities because unfavorable judgment against parent corporations could either bind absent subsidiaries under *res judicata*, be considered persuasive precedent in later proceedings or in settlement negotiations, or lead to inconsistent judgments in later litigation); *Ente Nazionale Idrocarburi v. Prudential Secs. Group, Inc.*, 744 F. Supp. 450, 456 (S.D.N.Y. 1990) (dismissing action and holding that Rule 19(a)(2) standard was met where absent party was a party to the contract that was the basis of plaintiff's tortuous interference claims).

It is equally clear that TPVI's absence presents a substantial risk to the existing parties of multiple litigation or inconsistent obligations. TPVI has filed an action in New York state court for breach of the Construction Agreement. Technip Italy is also a plaintiff in that action and has asserted claims for breach of the E&P Agreement. (Paparella Decl., Ex. 2.) TPVI and Technip Italy are also seeking in that action a declaratory judgment that TPVI did not breach the Construction Agreement and Technip Italy did not breach the E&P Agreement in the manner alleged by Hovensa in the Complaint in this action. (Paparella Decl., Ex. 2.) The parties clearly face the risk of inconsistent judgments from the state and federal courts concerning whether TPVI breached the Construction Agreement and whether Technip Italy breached the E&P Agreement. *See Global Discount*, 960 F. Supp. at 708, 710 (dismissing action where absentee had a claim against one of the parties to the litigation which could not be resolved without its joinder); *Ente Nazionale*, 744 F. Supp. at 456 (dismissing action where absentee had claims against the defendant pending in parallel proceedings before an arbitration panel and an Italian court). Moreover, Technip Italy and Technip S.A. have a strong and valid interest in avoiding sole responsibility for defending against or satisfying a judgment that may arise from actions attributable to TPVI. *Provident Tradesmen*, 390 U.S. at 110 ("[T]he defendant may properly

wish to avoid multiple litigation, or inconsistent relief, or sole responsibility for a liability he shares with another. . . .")

The case law discussed above is applicable here. It demonstrates that TPVI is a required party to this action under Rule 19(a).

B.    TPVI's Joinder Would Deprive The Court Of Diversity Jurisdiction And The Action Cannot Proceed "In Equity And Good Conscience" In TPVI's Absence Under Rule 19(b).

Each of the Rule 19(b) factors is present here and compels dismissal of Hovensa's Complaint.

Nonparty TPVI and defendants Technip Italy and Technip S.A all have an interest in avoiding the prejudice that could arise in TPVI's absence. Fed. R. Civ. P. 19(b)(1). It is well-settled that "a contracting party is the paradigm of an indispensable party." *Travelers Indem. Co. v. Household Int'l, Inc.*, 775 F. Supp. 518, 527 (D. Conn. 1991).

There is no protective measure that could prevent the prejudice to TPVI. TPVI's corporate parent Technip Italy cannot adequately protect TPVI's interests as a separate legal entity, where it is <u>TPVI's</u> rights and obligations that are at the heart of this case. *See Envirotech Corp. v. Bethlehem Steel,* 729 F.2d 70, 76 (2d Cir. 1984) (parent corporation was indispensable where it had rights under contracts at issue that were "inextricably intertwined with issues bound to be raised in the action solely against [the subsidiary]."); *Rubler,* 2007 WL 188024, at *3 ("[E]ven though First Unum is a subsidiary of Unum Provident Corporation, the fact that Unum Provident Corporation would remain in the case cannot compensate for First Unum's absence"); *Kawahara Enters.,* 1997 WL 589011, at *3 (noting risk of *res judicata* to absent subsidiary by litigation against corporate parent); *Travelers Indem. Co.,* 775 F. Supp. at 527 (inclusion of parent company as party did not overcome failure to name subsidiary that had actually issued insurance policy).

11

The third Rule 19(b) factor is concerned with "the interest of the courts and the public in complete, consistent, and efficient settlement of controversies. . . . . [and] in settling disputes by wholes, whenever possible." *Provident Tradesmens*, 390 U.S. at 111. TPVI and Technip Italy have filed claims against Hovensa in New York state court, *inter alia*, for breach of the Construction Agreement and the E&P Agreement. And, there is certainly a risk Hovensa may later attempt to proceed against TPVI in a separate forum should it fail on its claims here. Thus, it is clear that TPVI's absence from this action will lead to duplicative litigation in multiple forums and a "sheer waste" of the parties' and the courts' resources. *Felix Cinematografica v. Penthouse Int'l*, 99 F.R.D. 167, 173 (S.D.N.Y. 1983) (dismissing in absence of indispensable party because of risk of duplicative litigation).

Dismissal of the complaint would not deprive Hovensa of a remedy. Hovensa can assert its claims in the New York state court action commenced by TPVI and Technip Italy. Or Hovensa can accept TPVI's and Technip Italy's offer to arbitrate all of the parties' disputes in New York in accordance with the arbitration clauses in the Agreements. (Gory Decl., Ex. 1 Art. 27.2.2; Ex. 2 Art. 24.2.2.) There is a strong federal policy in favor of arbitration. Arbitration has been recognized as an adequate remedy, the availability of which favors dismissal where a required party cannot be joined under Rule 19. *See Corsi v. Eagle Publ'g, Inc.*, 2008 WL 239581, *5 (D.D.C. Jan. 30, 2008) (dismissing complaint where joinder of indispensable party was not feasible and arbitration was available remedy); *Ente Nazionale*, 744 F. Supp. at 455-56 (dismissing in absence of indispensable party where defendant agreed to submit to arbitration pending in Italy concerning same issues even though defendant was not a party to the arbitration agreement).

12

The balance of interests set forth in Rule 19(b), therefore, weighs in favor of dismissal of this action in the absence of indispensable party TPVI.

## II. COUNTS ONE, THREE AND FOUR OF THE COMPLAINT MUST BE DISMISSMED FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6).

The defects in Hovensa's complaint go beyond its failure to name an indispensable party. Counts One (breach of contract), Three (promissory estoppel) and Four (unjust enrichment) of the Complaint all fail to state claims upon which relief may be granted.

### A. Hovensa's Claims In Counts One, Three And Four Fail To State A Claim Because They Are Based On A Wholly Implausible Factual Scenario.

Hovensa seeks in Counts One, Three and Four to recover from Technip Italy and Technip S.A. overpayments Hovensa alleges it made under the Construction Agreement. However, Technip Italy and Technip S.A. are not parties to the Construction Agreement. (Gory Decl., Exs. 1 & 2.) In fact, Hovensa alleges specifically that it entered into the Construction Agreement with TPVI. (Compl. ¶¶ 16-17, 20.)

Hovensa does not allege its basis for Technip Italy's purported liability under the Construction Agreement. (*Id.* ¶¶ 16-17, 19-20.) Hovensa tries to hold Technip S.A. liable under the Construction Agreement pursuant to an unsigned, undated, draft "parent guaranty" that is Exhibit Q to the Construction Agreement. (Gory Decl., Ex. 3.)

Hence, Counts One, Three and Four require the Court to accept that Hovensa, a large and sophisticated oil company that owns one of the largest oil refineries in the world (Compl. ¶6) negotiated and signed detailed written contracts with TPVI (the Construction Agreement) and Technip Italy (the E&P Agreement), but then had separate oral agreements with, and promises from, Technip Italy and Technip S.A. that they would be liable under the Construction Agreement. Hovensa's claims based on this implausible factual scenario must be

13

dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."); *In re Elevator Antitrust Litig.*, 502 F.3d 47, 52 (2d Cir. 2007) (dismissing complaint under Rule 12(b)(6) based on implausibility of allegations).

      B.      Hovensa's Breach Of Contract Claim Against Technip S.A. On The Unsigned Draft Guaranty Is Barred By The Statute Of Frauds.

      Hovensa's claim against Technip S.A. for breach of the Construction Agreement is based on the unsigned, undated draft "parent guaranty" annexed as Appendix Q to the Construction Agreement. (Compl. ¶¶ 41-55.) Technip S.A. is not the parent company of TPVI. (*Id.* ¶¶ 16-17.) Hovensa does not allege that Technip S.A. signed or otherwise subscribed to the draft parent guaranty. The purported parent guaranty is plainly a non-final draft. It lacks a date, signatures, the name of the guarantor and the name of the underlying obligor. (Gory Decl., Ex. 3.)

      Hovensa's claim on the unsigned draft parent guaranty is barred by New York's Statute of Frauds. The Statute of Frauds provides that an agreement "to answer for the debt, default or miscarriage of another person" (such as the purported parent guaranty Hovensa) is void and unenforceable unless it is "in writing, and subscribed by the party to be charged." Gen. Oblig. 5-701(a)(2). The purpose of applying the Statute of Frauds to guaranty agreements is evidentiary. With other agreements where the promisor receives a benefit from the promisee, circumstances tend to show liability. But with guaranty agreements, the benefits to the secondary promisor, if any, are not apparent, and there is a substantial risk of fraud and perjury. *Martin Roofing, Inc. v. Goldstein*, 60 N.Y.2d 262, 265 (1983).

14

The New York courts have repeatedly dismissed claims under unsigned guaranties claims identical to those Hovensa's on the grounds that such claims are barred by the Statute of Frauds. *Parma Tile Mosaic & Marble Co. v. Short*, 87 N.Y.2d 524, 529 (1996) (reversing judgment for plaintiff on unsigned guaranty); *Martin Roofing*, 60 N.Y.2d at 269 (upholding dismissal of claim based on oral guaranty); *In re Manhattan Woods Golf Club, Inc.*, 192 B.R. 80, 82-83 (S.D.N.Y. 1996) (claims against debtor correctly dismissed as barred by Statute of Frauds because debtor had not signed the agreements purporting to charge it with claims).

*Parma Tile*, 87 N.Y.2d 524, is squarely on point and requires dismissal of Hovensa's guaranty claim here. The New York Court of Appeals held in that case that even though the general contractor had drafted and faxed a written guaranty of its subcontractor's performance, it was nonetheless unenforceable because the general contractor had not signed it. *Id.* at 28.

This case presents an even more compelling basis for the application of the Statute of Frauds. Not only did Technip S.A. never sign the purported guaranty, but also, unlike in *Parma Tile*, the draft guaranty lacks essential terms, such as the date and the names of Technip S.A. and TPVI.

The fabricated nature of this claim is evidenced by the fact that, prior to bringing this litigation, Hovensa never submitted any letters of claim to Technip S.A. Hovensa instead directed its claim letters under the Construction Agreement to TPVI. (Gory Decl. ¶ 5, Ex. 5.) In *Martin Roofing*, the New York Court of Appeals affirmed dismissal of a claim on a purported oral guaranty, finding it significant that "[d]espite its difficulties, plaintiff never made formal or written demand for payment on defendant until it commenced this action." 60 N.Y.2d at 268.

C.    Hovensa's Complaint Fails To State A Claim For Breach Of The Construction
      Agreement Against Technip Italy.

Hovensa's claim for breach of the Construction Agreement against Technip Italy

also fails because Technip Italy is not a party to this agreement.  Indeed, Hovensa admits in the

Complaint that Technip Italy incorporated TPVI to enter into the Construction Agreement and

that Hovensa duly entered into the Construction Agreement with TPVI.  (Compl. ¶¶ 16-17, 19-

20.)  *See Prescient Acquisition Group, Inc. v. MJ Publ'g Trust*, 2006 WL 2136293, at *4

(S.D.N.Y. July 31, 2006) (dismissing breach of contract claims against entity that was not a party

to such contract).

D.    Hovensa's Breach Of Contract Claim Is Barred By The Integration Clauses In
      The E&P Agreement And Construction Agreement.

Hovensa's claim against Technip Italy and Technip S.A. for breach of the

Construction Agreement is also barred by the integration clauses in Article 17.1 of the E&P

Agreement and Article 20.1 of the Construction Agreement.  Hovensa represented and agreed in

these integration clauses that "[t]his Agreement, including the Appendices and other documents

incorporated by reference is the entire agreement between HOVENSA and CONTRACTOR

regarding the matters covered herein and there are no other agreements, representations or

obligations for the [work]."  (Gory Decl., Ex. 1, Art. 20.1; Ex. 2, Art. 17.1.)

These clauses preclude Hovensa from claiming that Technip Italy and Technip

S.A. are parties to the Construction Agreement or agreed to perform TPVI's work under the

Construction Agreement.  The Construction Agreement has two parties: Hovensa and TPVI.  Its

integration clause bars any claim by Hovensa that Technip Italy and Technip S.A. became parties

thereto by an oral amendment.  Hovensa agreed in the E&P Agreement's integration clause that

all of Technip Italy's obligations were in the E&P Agreement.  That agreement cannot be

construed or amended orally to include TPVI's obligations under the Construction Agreement.

16

This Court's decision in *Compagnia Importazioni Esportazioni Rappresentanze v. L-3 Communications,* 2007 WL 2244062 (S.D.N.Y. July 31, 2007) (Buchwald, J.), is on point. This Court held that a claim of oral promise was contradicted by the contract's integration clause and noting that using such extrinsic promises "to create contractual obligations where a comprehensive contract exists would contravene the fundamental rules that extrinsic evidence cannot be used to vary the unambiguous terms of a contract . . . and that obligations inconsistent with the terms of a contract cannot be implied." *Id.* at *7. (quoting *Hartford Fire Ins. Co. v. Federated Dep't Stores, Inc.,* 723 F. Supp. 976, 993 (S.D.N.Y. 1989)).

  E.  **Hovensa Fails To State Claims For Promissory Estoppel Or Unjust Enrichment/Quasi-contract.**

    Counts Three and Four of the Complaint seek recovery of the alleged over-payments under the TPVI/Hovensa Construction Agreement claimed in Count One under theories of promissory estoppel and unjust enrichment/quasi-contract. (Compl. ¶¶ 62-66 (Count Three); ¶¶ 67-73 (Count Four).) Hovensa's effort to save its meritless breach of contract claim by relabelling it as promissory estoppel and unjust enrichment is meritless as matter of black-letter New York law.

    Promissory estoppel and unjust enrichment claims will not lie under New York law where there is an enforceable contract covering the subject matter of such claims. This Court's decision in *L-3 Communications*, 2007 WL 2244062, *7 is on point and warrants dismissal of Hovensa's claims here. There, this Court dismissed a promissory estoppel claim where there was an enforceable contract governing the same subject matter, holding that "promissory estoppel is 'a rule applicable only in the absence of an enforceable contract'." *Id.* (quoting *Holmes v. Lorch,* 329 F. Supp. 2d 516, 527 (S.D.N.Y. 2004)).

The New York Court of Appeals' decision in *Clark-Fitzpatrick, Inc. v. Long Island Rail Road Co.,* 70 N.Y.2d 382 (1987), is also directly on point. In *Clark-Fitzpatrick,* the Court of Appeals affirmed the dismissal of quasi-contract claims arising out of a construction project where there was an enforceable construction contract that covered the subject matter of such claims. *Id.* at 388. The Court of Appeals held that: "[a] 'quasi-contract' only applies in the absence of an express agreement [governing a particular subject matter] . . . ."

This rule applies with equal force where the contract is between the plaintiff and a party other than the defendant. *See, e.g., Crowley v. Visionmaker L.L.C.,* 512 F. Supp. 2d 144, 153-54 (S.D.N.Y. 2007) (dismissing financial advisor's promissory estoppel and unjust enrichment claims against an investment holding company for advisory fees where the financial advisor had entered into contract for advisory fee with different entity); *Prescient Acquisition Group,* 2006 WL 2136293 at *6-7 (dismissing unjust enrichment claim where the subject of such claim was governed by a contract between the plaintiff and another party); *Underhill Constr. Corp. v. New York Tel. Co.,* 56 A.D.2d 760, 760 (1st Dep't 1977) (dismissing promissory estoppel claim by subcontractor against architect where subcontractor had entered into contract with general contractor concerning same subject matter), *aff'd without opinion,* 44 N.Y.2d 666, 666 (1978).

A claim for unjust enrichment cannot be used to circumvent the Statute of Frauds. *See Prescient Acquisition Group,* 2006 WL 2136293 at *5 (dismissing unjust enrichment claim where plaintiff sought to circumvent Statute of Frauds applicable to finders fees); *Minichiello v. Royal Bus. Funds Corp.,* 18 N.Y.2d 521, 525 (1966) ("the [writing] requirement cannot be avoided by an action for compensation in quantum meruit.") (citations omitted).

18

The integration clauses in Article 17.1 of the E&P Agreement and Article 20.1 of the Construction Agreement also fully support the dismissal of Hovensa's promissory estoppel and unjust enrichment claims. (Gory Decl., Ex. 1 Art. 20.1; Ex. 2 Art. 17.1.) Those clauses preclude Hovensa from claiming that either Technip Italy or Technip S.A. agreed or promised to perform TPVI's work under the Construction Agreement or that Hovensa relied on any purported oral promises. *See L-3 Commc'ns*, 2007 WL 2244062 at *7 (claim of unambiguous promise was contradicted by the contract's integration clause); *DDCLAB Ltd. v. E.I. DuPont De Nemours & Co.*, 2005 WL 425495, *6 (S.D.N.Y. Feb. 15, 2005) (finding no justifiable reliance on oral promise made prior to execution of contract containing "unambiguous integration clause").

Finally, Hovensa's promissory estoppel and unjust enrichment claims fail because Hovensa is seeking merely to recover under the Construction Agreement for overpayments it claims to have made. A plaintiff claiming promissory estoppel must show "unconscionable" injury, *i.e.*, injury beyond breach of contract damages. *See Merex A.G. v. Fairchild Weston Sys., Inc.*, 29 F.3d 821, 825-26 (2d Cir. 1994); *see also Darby Trading Inc. v. Shell Int'l Trading & Shipping Co.*, 2008 WL 852787, at *10 (S.D.N.Y. March 31, 2008) (dismissing promissory estoppel claim where plaintiff sought damages for lost sales and customer good will which were mere "expectation damages of Motiva's non-performance of the enforceable oral agreement"); *N. Am. Knitting Mills, Inc. v. Int'l Women's Apparel, Inc.*, 2000 WL 1290608, *3 (S.D.N.Y. Sept. 12, 2000) (dismissing promissory estoppel claim based on expenses relating to infrastructure upgrades plaintiff made in reliance on oral promise of joint venture because damages were merely "an injury that flows naturally from defendant's non-performance of the alleged agreement").

And an unjust enrichment claim cannot be based on a benefit bestowed to a third party under a contract. *See Prescient Acquisition Group*, 2006 WL 2136293, at *6-7 (dismissing unjust enrichment claim where plaintiff conferred benefit on nonparty through contract to which no defendant was a party).

## III.    THE COMPLAINT MUST BE DISMISSED UNDER FED. R. CIV. P. 12(b)(2) AS TO TECHNIP S.A. BECAUSE THIS COURT LACKS PERSONAL JURISDICTION OVER TECHNIP S.A.

The Complaint must also be dismissed as to Technip S.A. because this Court lacks personal jurisdiction over it.

Hovensa bears the burden of establishing personal jurisdiction over Technip S.A. *See Savin v. Ranier*, 898 F.2d 304, 306 (2d Cir.1990). Hovensa has failed to do so. The only basis for personal jurisdiction over Technip S.A. alleged by Hovensa is the forum selection clause in the unsigned draft parent guaranty. (Compl. ¶¶ 5, 44.) The unsigned draft guaranty is void and unenforceable under the Statute of Frauds and, therefore, the forum selection clause contained therein cannot be the basis of personal jurisdiction over Technip S.A. *See Alpi USA, Inc. v. D & F Fashion Int'l Gemelli*, 2007 WL 942096 (S.D.N.Y. March 29, 2007) ("without any evidence in the record other than Plaintiffs' bald allegation that defendants consented to this [unsigned] forum selection provision, it would be 'premature' for the Court to find personal jurisdiction where it would otherwise not lie."); *cf. ZPC 2000, Inc. v. SCA Group, Inc.*, 86 F. Supp. 2d 274, 277 (S.D.N.Y. 2000) (declining to apply a forum selection clause in an unsigned contract to find venue and transferring the case).

Hovensa does not allege any other ground for personal jurisdictional over Technip S.A.; nor could it since Technip S.A. has no presence in New York, does not do business in New York, and nothing related to this dispute took place in New York. (Picard Decl ¶ 2.) *See*

20

*Mareno v. Rowe,* 910 F.2d 1043, 1046 (2d Cir. 1990) (court lacked personal jurisdiction under

CPLR § 301 or § 302 where foreign defendant was not doing business in New York).

### Conclusion

For all of the foregoing reasons, Defendants Technip Italy and Technip S.A.

respectfully request that this Court dismiss Hovensa's complaint in its entirety and award

Defendants such other and further relief as may be just and equitable.


Dated: New York, New York
      April 18, 2008

HUGHES HUBBARD & REED LLP

By: _____

Christopher Paparella
John Fellas
Hagit Elul
William Sanchez
Beatriz Biscardi
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Attorneys for Defendants*
*Technip Italy S.p.A. and Technip S.A.*

<u>CERTIFICATE OF SERVICE</u>

I, William J. Sanchez, am over the age of eighteen (18) years, not a party to this action, so caused a true and correct copy of the foregoing Notice of Motion, dated April 18, 2008, Defendant's Memorandum of Law in Support of Their Motion to Dismiss dated April 18, 2008, Declaration of Patrick Picard, dated April 17, 2008, Declaration of Etienne Gory, dated April 17, 2008, the Declaration of Christopher Paparella, dated April 17, 2008, and Defendant's Corporate Disclosure Statement to be served on this 18th day of April, 2008, to the following:

VIA ELECTRONIC FILING & FEDEX:

Gabriel Del Virginia
Law Offices of Gabriel Del Virginia
641 Lexington Avenue, 21st floor
New York, NY 10022

VIA E-MAIL:

George T. Shipley
Jonathan Smith
Shipley Snell Montgomery LLP
4600 First City Tower
1001 Fannin
Houston, TX 77002

ATTORNEYS FOR PLAINTIFF HOVENSA

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 18, 2008
       New York, New York

_/s/ William J. Sanchez
William J. Sanchez