HUGHES HUBBARD & REED LLP
Christopher Paparella
John Fellas
Hagit Elul
One Battery Park Plaza
New York, New York 10004
(212) 837-6000
paparella@hugheshubbard.com
*Attorneys for Defendants Technip Italy S.p.A. and Technip S.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOVENSA L.L.C., | |
| Plaintiff, | Case No.: 08 CIV. 1221 (NRB) |
| -vs- | |
| TECHNIP ITALY S.P.A and TECHNIP S.A., | |
| Defendants. | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO JOIN A REQUIRED PARTY, FAILURE TO STATE A CLAIM AND <u>LACK OF PERSONAL JURISDICTION</u>

## TABLE OF CONTENTS

Page

Introduction...........................................................................................................................1

Background ...........................................................................................................................4

    The Parties ....................................................................................................................4

    The E&P Agreement and the Construction Agreement......................................................5

    The Unsigned, Undated Draft Parent Guaranty Agreement ..............................................9

    The New York State Court Proceeding ...........................................................................10

    The First Amended Complaint........................................................................................11

    Arbitration...................................................................................................................12

Argument ...........................................................................................................................12

    I.     THE FIRST AMENDED COMPLAINT MUST BE DISMISSED
             FOR FAILURE TO JOIN TPVI. ...........................................................................12

            A.    TPVI Is A Required Party Under Rule 19(a). ............................................14

            B.    TPVI's Joinder Would Deprive The Court Of Diversity
                  Jurisdiction And The Action Cannot Proceed "In Equity
                  And Good Conscience" In TPVI's Absence..............................................17

    II.    THE FIRST AMENDED COMPLAINT FAILS TO STATE A
             CLAIM.................................................................................................................19

            A.    The Breach Of Contract Claims Against Technip S.A. On
                  The Unsigned Draft Guaranty Are Barred By The Statute
                  Of Frauds. ............................................................................................19

            B.    Count One Of The First Amended Complaint Fails To State
                  A Claim For Breach Of The Construction Agreement
                  Against Technip Italy...........................................................................21

            C.    Count Three Of The First Amended Complaint Fails To
                  State A Claim Against Technip Italy For Breach Of The
                  Construction Agreement. ......................................................................23

    III.    THIS COURT LACKS PERSONAL JURISDICTION OVER
             TECHNIP S.A......................................................................................................24

Conclusion .........................................................................................................................25

# TABLE OF AUTHORITIES

Page

## CASES

*Achtman v. Kirby, McInerney &Squire, LLP*, 464 F.3d 328 (2d Cir. 2006)...................................22

*AG Ltd. v. Liquid Realty Partners, LLC*, 448 F. Supp. 2d 583 (S.D.N.Y. 2006) ..........................20

*Alpi USA, Inc. v. D & F Fashion Int'l Gemelli*, No. 06 Civ. 2091, 2007 WL
    942096 (S.D.N.Y. Mar. 29, 2007) .......................................................................................24

*Am. Bureau of Shipping v. Tencara Shipyard S.P.A.*, 170 F.3d 349 (2d Cir. 1999).....................15

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ......................................................................20

*Carte Blanche (Singapore) PTE., Ltd. v. Diners Club Int'l, Inc.*, 758 F. Supp. 908
    (S.D.N.Y. 1991)...................................................................................................................22

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002).........................................................6

*Compagnia Importazioni Esportazioni Rapresentanze v. L-3 Commc'ns Corp.*,
    No. 06 Civ. 3157, 2007 WL 2244062 (S.D.N.Y. July 31, 2007) .............................................23

*Corsi v. Eagle Publ'g, Inc.*, No. 1:07-cv-02004, 2008 WL 239581 (D.D.C. Jan.
    30, 2008) ..............................................................................................................................18

*Durable, Inc. v. Twin County Grocers Corp.*, 839 F. Supp. 257 (S.D.N.Y. 1993) .......................20

*Elevator Antitrust Litig. v. United Tech. Corp.*, 502 F.3d 47 (2d Cir. 2007)..........................21, 22

*Ente Nazionale Idrocarburi v. Prudential Sec. Group, Inc.*, 744 F. Supp. 450
    (S.D.N.Y. 1990) .............................................................................................................16, 18

*Envirotech Corp. v. Bethlehem Steel Corp.*, 729 F.2d 70 (2d Cir. 1984) ...............................14, 17

*Farago Adver., Inc. v. Hollinger Int'l, Inc.*, 157 F. Supp. 2d 252 (S.D.N.Y. 2001).....................20

*Felix Cinematografica S.r.l. v. Penthouse Int'l, Ltd.*, 99 F.R.D. 167 (S.D.N.Y.
    1983) ....................................................................................................................................18

*Global Discount Travel Servs., LLC v. Trans World Airlines, Inc.*, 960 F. Supp.
    701 (S.D.N.Y. 1997)..................................................................................................12, 15, 16

*Griffin v. Bookman*, 39 N.Y.2d 57 (1976) ....................................................................................19

*Kawahara Enters. v. Mitsubishi Elec. Corp.*, No. 96 CIV 9631, 1997 WL 589011
    (S.D.N.Y. Sept. 22, 1997)...........................................................................................15, 17

## TABLE OF AUTHORITIES

Page

*Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899 (2d Cir.1981) ...............................................6

*Martin Roofing, Inc. v. Goldstein*, 60 N.Y.2d 262 (1983)............................................................21

*Mattera v. Clear Channel Commc'ns, Inc.*, 239 F.R.D. 70 (S.D.N.Y. 2006)...................................6

*Mouawad Nat'l Co. v. Lazare Kaplan Int'l, Inc.*, 476 F. Supp. 2d 414 (S.D.N.Y. 2007) ...............................................................................................................................................22

*Oswald v. Allen*, 417 F.2d 43 (2d Cir. 1969) ...............................................................................20

*Parma Tile Mosaic & Marble Co. v. Short*, 87 N.Y.2d 524 (1996) ..............................................19

*Prescient Acquisition Group Inc. v. MJ Publ'n Trust*, No. 05 Civ. 6298, 2006 WL 2136293 (S.D.N.Y. July 31, 2006) ...............................................................................................22

*Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1968)...................13, 16, 18

*Renel Const., Inc. v. Brooklyn Coop. Meat Distrib. Ctr. Inc.*, 59 A.D.2d 391 (1st Dep't 1977)....................................................................................................................................22

*Rosenfeld v. Zerneck*, 776 N.Y.S.2d 458 (Sup. Ct. Kings County 2004) .....................................20

*Rubler v. Unum Provident Corp.*, No. 04 Civ. 7102, 2007 WL 188024 (S.D.N.Y. Jan. 25, 2007)..............................................................................................................................14, 17

*Ryan v. Volpone Stamp Co.*, 107 F. Supp. 2d 369 (S.D.N.Y. 2000)..............................................15

*Savin v. Ranier*, 898 F.2d 304 (2d Cir. 1990) ..............................................................................24

*T.G.I. East Coast Constr. Corp. v. Fireman's Fund Ins. Co.*, 600 F. Supp. 178 (S.D.N.Y. 1985) ..............................................................................................................................23

*Travelers Indem. Co. v. Household Int'l, Inc.*, 775 F. Supp. 518 (D. Conn. 1991).......................17

*Walter E. Heller & Co. v. Am. Flyers Airline Corp.*, 459 F.2d 896 (2d Cir. 1972).......................23

*ZPC 2000, Inc. v. SCA Group, Inc.*, 86 F. Supp. 2d 274 (S.D.N.Y. 2000)....................................24

## STATUTES

28 U.S.C. § 1332(a)(2)....................................................................................................................13

N.Y. C.P.L.R. § 303........................................................................................................................10

N.Y. Gen. Obl. Law § 5-701(a) (McKinney 2002) .......................................................................19

**TABLE OF AUTHORITIES**

Page

**RULES**

Fed. R. Civ. P. 12(b)(2)............................................................................................1, 3, 6

Fed. R. Civ. P. 12(b)(6)............................................................................................1, 3, 6

Fed. R. Civ. P. 12(b)(7)........................................................................................1, 3, 6, 12

Fed. R. Civ. P. 19 ........................................................................................... *passim*

**Introduction**

Defendants Technip Italy S.p.A. and Technip S.A. submit this Memorandum of Law in support of their motion pursuant to Fed. R. Civ. P. 12(b)(7) and 19(b) to dismiss Plaintiff Hovensa L.L.C.'s First Amended Complaint for failure to join an indispensable party. Defendants also submit this Memorandum in support of their motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Counts 1 and 3 of the First Amended Complaint as to Technip Italy and Counts 1 and 2 as to Technip S.A. for failure to state a claim and pursuant to Fed. R. Civ. P. 12(b)(2) to dismiss the First Amended Complaint as to Technip S.A. because this Court lacks personal jurisdiction over it.

Hovensa served the First Amended Complaint in response to Defendants' motion to dismiss Hovensa's original complaint for failure to join TPVI as an indispensable party, failure to state valid claims and lack of personal jurisdiction over Technip S.A. Hovensa has reconfigured its claims and included new allegations, but Hovensa is still trying to manipulate this Court's jurisdiction by suing Technip Italy and Technip S.A. for non-party TPVI's alleged breach of its Construction Agreement with Hovensa. Hovensa cannot name TPVI as a party because they are both U.S. Virgin Islands companies.

Hovensa's original complaint sought to hold Technip Italy liable for TPVI's alleged breach of contract based on promissory estoppel and unjust enrichment claims. Hovensa sought to hold Technip S.A. liable for TPVI's alleged breach under an undated, incomplete and unsigned guaranty form annexed to the Construction Agreement. Hovensa had never previously mentioned this purported Technip S.A. guaranty, much less made claim on it.

Hovensa's First Amended Complaint abandons its promissory estoppel and unjust enrichment claims. Hovensa now asserts breach of contract claims against Technip Italy based on its new allegation that TPVI only signed the Construction Agreement as Technip Italy's

agent. Hovensa has added allegations that Technip S.A. agreed to be bound by the unsigned guaranty form in emails sent by Technip Italy and Technip France personnel in January 2005. Hovensa alleges in the alternative that Technip Italy breached unspecified "contractual obligations" by failing to provide Hovensa with a Technip S.A. guaranty.

Hovensa's new allegations and legal theories are meritless. The Construction Agreement provides explicitly that its parties are Hovensa and TPVI. It does not state that TPVI signed it as Technip Italy's agent. Hovensa's correspondence and other project documents all stated that the Construction Agreement was between Hovensa and TPVI. Hovensa never previously stated that TPVI had signed the Construction Agreement as Technip Italy's agent.

Hovensa's allegation that Technip S.A. guaranteed agreements worth $127 million by an unsigned, undated, incomplete guaranty form is implausible and not supported by the record. The guaranty form itself states that it was to be signed by Hovensa and the guarantor. Hovensa never sent a single claim letter to Technip S.A. and never mentioned any Technip S.A. guaranty in any of its numerous claim letters to TPVI and Technip Italy. The Technip Italy and Technip France emails that Hovensa relies on merely approve certain changes to the guaranty form and do not state that Technip S.A. agreed to be bound by the guaranty. Moreover, they were sent in January 2005 while the Construction Agreement and Engineering and Procurement Agreement were still under negotiation.

It is black-letter law that Hovensa cannot circumvent the statutory limits on this Court's subject-matter jurisdiction by failing to join a non-diverse party such as TPVI with a substantial interest in the action. Hovensa's inability to join TPVI requires dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(7) and 19(b) for failure to join a required party.

2

Hovensa's attempt to avoid such dismissal through implausible allegations and meritless legal theories should be rejected.

Counts One and Three of the First Amended Complaint as to Technip Italy and Counts One and Two as to Technip S.A. should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Count One does not state a valid claim for breach of the Construction Agreement against Technip Italy and Technip S.A. because Technip Italy is not a party to the Construction Agreement and Technip S.A. did not guaranty it. Count Two does not state a valid claim for breach of the Engineering and Procurement Agreement against Technip S.A. because it did not guaranty that contract. Count Three does not state a valid claim against Technip Italy for breach of a contract to provide a Technip S.A. guaranty. There is no contractual provision imposing such an obligation on Technip Italy. Even if there were such an obligation, Hovensa waived any such obligation by entering into the agreements without requiring a parent guaranty.

The First Amended Complaint should also be dismissed as to Technip S.A. pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction because Technip S.A. is not bound by the unsigned guaranty form on which Hovensa premises jurisdiction. Hovensa does not allege any other basis of for personal jurisdiction over Technip S.A., and none exists.

## Background

*The Parties*

Hovensa is a U.S. Virgin Islands limited liability company with its principal place of business in Christiansted, St. Croix, U.S. Virgin Islands. (First Amended Complaint ("Am. Compl.") ¶ 1.)[1] Hovensa owns and operates an oil refinery in St. Croix. (*Id.* ¶ 6.)

Technip Italy is an Italian corporation with its principal place of business in Rome, Italy. (*Id.* ¶ 2.) Technip Italy is the parent corporation of non-party TPVI, which is a United States Virgin Islands corporation. (Declaration of Etienne Gory, dated June 3, 2008 ("Gory Decl.") ¶ 8 & n.1; Am. Compl. ¶ 17.) Defendant Technip S.A. is a French corporation with its principal place of business in Paris, France. (Am Compl. ¶ 3.) Technip S.A. is the parent corporation of Defendant Technip Italy. (Gory Decl. ¶ 8 & n.1.)

Hovensa solicited bids in June 2004 for the engineering, procurement and construction of a low sulfur gasoline hydrotreater unit at its St. Croix refinery (the "Project"). (Am. Compl. ¶ 7.) Hovensa decided to contract for the Project under two separate agreements "for local tax purposes": an engineering and procurement agreement (the "E&P Agreement") that was to be performed outside the Virgin Islands and a construction agreement (the "Construction Agreement") that was to be performed in the Virgin Islands. (*Id.*)

Hovensa drafted all the project agreements involved in this case, including the Construction Agreement and the E&P Agreement. (Gory Decl. ¶ 4, Exs. 1, 2: drafts of the Construction Agreement and E&P Agreement that Hovensa prepared and circulated to bidders on the Project in October 2004.)

---

1.  Hovensa's First Amended Complaint is Exhibit 1 and the original Complaint is Exhibit 2 to the accompanying declaration of Christopher Paparella, dated June 4, 2008 ("Paparella Decl.").

Hovensa also drafted all the appendices to the Construction Agreement and the E&P Agreement. The appendices drafted by Hovensa included a form of parent guaranty (Appendix Q). (Gory Decl., Ex. 3.) They also included a form of agreement (the "agency agreement") to be used if Hovensa exercised its right under the Construction Agreement to contract directly with a proposed subcontractor in order to gain certain Virgin Islands tax advantages (Appendix AC). (Gory Decl., Ex. 4.) Hovensa's form of agency agreement states specifically that the Construction Agreement contractor was signing the contract as Hovensa's agent. (*Id.*)

*The E&P Agreement and the Construction Agreement*

Hovensa's original drafts of the Construction Agreement and E&P Agreement contemplated that the agreements would be performed by two different corporate affiliates. Article 4.8 of the draft Construction Agreement, "Engineering Services," provided that "HOVENSA will provide all engineering and procurement Work directly or through an engineer of its choice (the "Engineer") . . . . CONTRACTOR and Engineer are affiliated companies." (Gory Decl. ¶ 7, Ex. 1.) Article 6.2 of the draft E&P Agreement, "Construction Services," provided that "HOVENSA will provide all construction services directly or through a construction contractor of its choice (the "Construction Contractor") . . . . CONTRACTOR and Construction Contractor are affiliated companies." (Gory Decl. ¶ 7, Ex. 2.) Hovensa was motivated in this regard by U.S. Virgin Islands tax considerations. These clauses remained unchanged in the final signed agreements. (Gory Decl. ¶ 7, Exs. 1, 2.)

Subsequently, Technip Italy and its affiliate non-party Technip France expressed interest in the Project. Negotiations ensued between them and Hovensa. These negotiations included discussions in January 2005 of a parent guaranty form that was an appendix to the

5

Construction and E&P Agreement. (Gory Decl. ¶ 20; Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Pls. Opp'n Mem."), Exs. E, F.)

Nearly two months later, on March 10, 2005, Hovensa and TPVI signed the Construction Agreement and Hovensa and Technip Italy signed the E&P Agreement at a kick off meeting held in Rome, Italy. (Gory Decl. ¶ 8.) (The final signed Construction Agreement and E&P Agreement are Exhibits 5 and 6 respectively to the accompanying Gory Declaration.)[2]

In the course of compiling exhibits to the Agreements (and only for that purpose), a Technip France employee initialed some of the appendices to the Agreements including the guaranty form appended to the Construction Agreement before the March 10, 2005 meeting. (Gory Decl. ¶ 8.) However, no representative of Technip S.A. was present at the March 10, 2005 meeting or signed or initialed any part of the Agreements or their appendices (including the guaranty forms) at any time. (*Id.*)

Hovensa alleges for the first time in the First Amended Complaint that TPVI signed the Construction Agreement only as "corporate agent" of Technip Italy, and that Technip Italy is the only party to the Construction Agreement. (Am. Compl. ¶¶ 21, 56.) This allegation was not in Hovensa's original complaint. Hovensa added it in response to Defendants' motion to dismiss for failure to join a required party. The language of the Construction Agreement itself

---

2.    The Court may consider the contents of any documents attached to, incorporated by reference in, or relied on in drafting, the complaint in considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002). The Court may consider evidence outside the pleadings in considering a motion to dismiss for failure to join an indispensable party under Fed. R. Civ. P. 12(b)(7) or for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). *See Mattera v. Clear Channel Commc'ns, Inc.*, 239 F.R.D. 70, 74 (S.D.N.Y. 2006); *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir.1981).

and Hovensa's course of conduct with respect to the Construction Agreement contradict this implausible conclusory contention.

Ħ The Construction Agreement defines TPVI as the "Contractor" and provides that it is an agreement between Hovensa and TPVI. Specifically, the Construction Agreement states that it is an "AGREEMENT dated March 10[th] 2005, between Hovensa L.L.C., a U.S. Virgin Islands limited liability company ("HOVENSA") **and TPVI, a U.S. Virgin Islands corporation** having an office at One Hibiscus Alley, Charlotte Amalie, St. Thomas, U.S. Virgin Islands ("**CONTRACTOR**")." (Gory Decl. Ex. 5: Construction Agreement at p. 1 (emphasis added).) The Construction Agreement — which Hovensa drafted — does not provide that Technip Italy is a party thereto or that TPVI was signing it merely as Technip Italy's agent.

Ħ Section 4.8 of the Construction Agreement and Section 6.2 of the E&P Agreement provide that the "contractors" under these two contracts are separate corporate affiliates. Section 4.8 of the Construction Agreement provides that engineering and procurement work will be provided by an affiliate of TPVI (i.e., Technip Italy). Section 6.2 of the E&P Agreement provides that construction work will be provided by an affiliate of Technip Italy (i.e., TPVI). These provisions, which were drafted by Hovensa, would not have been included and make no sense if Technip Italy was the contractor under both the Construction Agreement and the E&P Agreement.

Ħ The Construction Agreement contains an integration clause which precludes that there could be unnamed parties thereto (like Technip Italy): "This Agreement, including the Appendices and other documents incorporated by reference, is the entire agreement between HOVENSA and CONTRACTOR [defined as TPVI] regarding the matters covered herein and there are no other agreements, representations, or obligations for the services described herein."

(Construction Agreement ¶ 20.1 (emphasis added).)  The E&P Agreement contains an identical

integration clause.  (E&P Agreement ¶ 17.1.)

Hovensa <u>never</u> previously asserted that TPVI had only signed the agreement as

Technip Italy's agent.  Rather, Hovensa always treated TPVI as the contractor under the

Construction Agreement:

- Hovensa paid TPVI by transferring funds to TPVI's bank account for work performed under the Construction Agreement.  (Gory Decl. ¶ 13, Ex. 8.)

- Hovensa required TPVI to post a letter of credit under the Construction Agreement and to increase that letter of credit during the course of performance of the Construction Agreement.  (Gory Decl. ¶ 16, Exs. 13, 14.)

- Hovensa claimed liquidated damages from TPVI for its alleged breach of the Construction Agreement.  (Gory Decl. ¶ 15, Ex. 12.)

- Hovensa drew down on TPVI's letter of credit based on its claim that TPVI owed it liquidated damages under the Construction Agreement.  (Gory Decl. ¶ 17, Ex. 15.)

- Hovensa's, TPVI's, and Technip Italy's April 27, 2006 Settlement Agreement states that "Hovensa and TPVI entered into a lump sum agreement dated March 10, 2005 [] for construction of the Facilities (the Construction Agreement)."  (Gory Decl. ¶ 12, Ex. 7.)

- Hovensa's filing in an Italian lawsuit brought by Technip Italy and TPVI to prevent Hovensa's draw down under Technip Italy's and TPVI's letters of credit asserts that the Construction Agreement was between Hovensa and TPVI.  While Hovensa claimed that Technip Italy was liable under the E&P Agreement for alleged breaches by TPVI of the Construction Agreement, Hovensa did not claim that Technip Italy was a party to the Construction Agreement or that TPVI had signed the Construction Agreement as Hovensa's agent.  (Gory Decl. ¶ 18, Ex. 16.)

The record is also clear that Hovensa knows how to draft an agreement

designating an agent as signatory when it chooses to.  Hovensa prepared an "agency agreement"

form for TPVI to use when contracting as Hovensa's agent under section 23.2 of the

8

Construction Agreement.  Hovensa's form states specifically that TPVI was signing the agency

agreement as Hovensa's agent.  (Gory Decl. ¶ 5, Ex. 4.)  Hence, the agency agreement that TPVI

entered into with Tiger St. Croix Construction Inc. refers to "HOVENSA L.L.C. [] acting

through its agent TPVI" and is signed "HOVENSA L.L.C. by TPVI LTD, Agent."  (Gory Decl.

¶ 19, Ex. 17.)

*The Unsigned, Undated Draft Parent Guaranty Agreement*

           Appendix Q to both the Construction Agreement and the E&P Agreement is an

unsigned, undated "parent guaranty" form.  (Gory Decl., Ex. 3.)  This guaranty form states that it

is a contract between Hovensa and the "Contractor Parent" and contemplated actual signature by

the parties.  It has a blank for the execution date and states "IN WITNESS WHEREOF, the

Parties hereto have caused this Agreement to be executed by their respective authorized

representatives as of the date first written above." (*Id.*)  The guaranty form contains blanks

needing to be completed for the name and address of the guarantor, the name and address of the

contractor, the identity and date of the specific contract guaranteed, and the date of execution.

(*Id.*)

           Hovensa does not allege that it and Technip S.A. ever completed and signed this

guaranty and, indeed they did not.  (Declaration of Patrick Picard, dated June 4, 2008 ("Picard

Decl.") ¶ 3; Gory Decl. ¶¶ 3, 8, 21.)  Rather, Hovensa alleges for the first time in the First

Amended Complaint that emails by employees of Technip Italy and Technip France approving

modifications to the guaranty form made the guaranty binding on Technip S.A.  (Am. Compl.

¶¶ 50-51; Pls. Opp'n Mem. Exs. E, F.)

           Hovensa's allegations are implausible and contradicted by the evidence.

           The emails Hovensa relies on were not sent by Technip S.A. and do not state that

Technip S.A. agreed to be bound by the guaranty.  The emails merely express Technip Italy's

and Technip France's approval of certain changes in the guaranty form. They were sent in January 2005 while contract negotiations were ongoing and a month and a half before the Construction and E&P Agreements to which the guaranty form related were finalized and executed on March 10, 2005. (Am. Compl. ¶¶ 21, 50.)

Prior to filing this lawsuit, Hovensa never asserted that Technip S.A. had guaranteed TPVI's performance under the Construction Agreement. (Gory Decl. ¶¶ 3, 22.) Hovensa sent a number of letters raising claims to TPVI under the Construction Agreement but did not copy these letters to Technip S.A. Hovensa never sent any claim letters to Technip S.A. (Gory Decl. ¶ 14, Exs. 9-11.) Hovensa never sought to hold a dispute resolution procedure with Technip S.A. with respect to its claims prior to commencing this lawsuit.[3] (*Id.*)

*The New York State Court Proceeding*

On April 17, 2008, TPVI and Technip Italy filed an action in New York state court, styled *TPVI, Ltd. & Technip Italy S.p.A. v. Hovensa L.L.C.*, No. 601158/08 (N.Y. Sup. Ct.) for, *inter alia*, Hovensa's breach of the Construction and E&P Agreements and seeking declaratory judgment that TPVI did not breach the Construction Agreement and Technip Italy did not breach the E&P Agreement. (Paparella Decl., Ex. 3.) Hovensa has been duly served in this action. (Paparella Decl., Ex. 4.)

---

3.    The guaranty form provides that disputes arising out of or in connection with the guaranty "will be settled in the same manner as [Article 27 of the Construction Agreement] and hence requires the parties to notify each other of disputes and to hold a pre-litigation dispute resolution procedure before commencing litigation thereon." (Gory Decl., Ex. 3 ¶ 7, Ex. 5 ¶ 27.)

*The First Amended Complaint*

On May 5, 2008, Hovensa filed the First Amended Complaint.  Hovensa abandoned its promissory estoppel and unjust enrichment claims.  The First Amended Complaint contains three causes of action for breach of contract.

Count One is for breach of the Construction Agreement and is asserted against Technip Italy (based on Hovensa's allegation that TPVI signed the agreement as Technip Italy's agent) and Technip S.A. (based on Hovensa's allegation that Technip S.A. guaranteed Technip Italy's performance under the unsigned guaranty form).  It seeks over $31 million in alleged overpayments Hovensa claims it made under the Construction Agreement.  (Am. Compl. ¶¶ 54-65.)

Count Two is for breach of the E&P Agreement and is asserted against Technip Italy.  It seeks to recover unspecified damages for Technip Italy's alleged breach of its obligations under the E&P Agreement with respect to alleged problems with certain recycle compressors.  (Am. Compl. ¶¶ 66-71.)  The recycle compressors were installed and commissioned by TPVI under the Construction Agreement.  (Gory Decl. ¶ 23, Ex. 18: Construction Agreement, Appendix A "Scope of Work".)  Count Two incorporates by reference all of the previous allegations in the First Amended Complaint.  (Am. Compl. ¶ 66.)

Count Three is for breach of the Construction Agreement and is asserted against Technip Italy based on Hovensa's allegation that Technip Italy breached some unidentified contractual obligation to provide a parent guaranty executed by Technip S.A.  (Am. Compl. ¶ 74.)  It seeks to recover the alleged overpayments Hovensa claims it made under the Construction Agreement.

11

*Arbitration*

Section 24 of the E&P Agreement and Section 27 of the Construction Agreement contain dispute resolution clauses that provide that the parties may agree to resolve disputes by arbitration under the rules of the American Arbitration Association. (Gory Decl., Ex. 5: Construction Agreement ¶ 27, Ex. 6: E&P Agreement ¶ 24.) Technip Italy and TPVI are willing to arbitrate all the parties' disputes in New York in a single arbitration pursuant to their respective agreements with Hovensa. (Gory Decl. ¶ 24.)

## Argument

### I.    THE FIRST AMENDED COMPLAINT MUST BE DISMISSED FOR FAILURE TO JOIN TPVI.

The standards applicable to a motion to dismiss for failure to join an indispensable party are well-settled. A court must dismiss a complaint under Rules 12(b)(7) and 19(b) of the Federal Rules of Civil Procedure where the plaintiff has failed to join a party whose presence is necessary for a just adjudication of the dispute and the absent party cannot be joined without depriving the court of subject-matter jurisdiction.

On a motion to dismiss for failure to join an indispensable party, a court must first determine whether the absent party's presence is "required" under Fed. R. Civ. P. 19(a).[4] *Global Discount Travel Servs., LLC v. Trans World Airlines, Inc.*, 960 F. Supp. 701, 707 (S.D.N.Y. 1997). A party is required under Rule 19(a) where (i) "in that person's absence, the court cannot accord complete relief among existing parties;" (ii) the absent party "claims an

---

4.    A recent amendment to Rule 19 omits reference to parties as "necessary" or "indispensable," and instead refers to persons as "required to be joined if feasible." The Advisory Committee notes that the "changes are intended to be stylistic only" and further notes that use of the term "indispensable" has been "discarded as redundant." Fed. R. Civ. P. 19 advisory committee's note (2007 Amendment).

interest relating to the subject of the action" which will be prejudiced by the continuation of the action; or (iii) the absence of a party presents a substantial risk to the existing party of multiple litigation or inconsistent obligations. Fed. R. Civ. P. 19(a)(1).

If the court determines that the absentee is a "required person" under Rule 19(a), then the absentee must be joined if possible. Joinder of an absentee is not possible where — as here — it would deprive the court of subject-matter jurisdiction. *Id.*[5]

If an absent required party cannot be joined for any reason, then the court must balance the factors set forth in Rule 19(b) and determine whether the action can proceed "in equity and good conscience" in the party's absence; if not the action must be dismissed. Fed. R. Civ. P. 19(b).

Rule 19(b) requires the court to balance four considerations when weighing the relative interests of those already parties, the absent party and the courts. *Id.* The United States Supreme Court has interpreted Rule 19(b)'s four-factor test in *Provident Tradesmens Bank & Trust Co. v. Patterson* as follows:

> First, the plaintiff has an interest in having a forum. Before the trial, the strength of this interest obviously depends on whether a satisfactory alternative forum exists. . . . Second, the defendant may properly wish to avoid multiple litigation, or inconsistent relief, or sole responsibility for a liability he shares with another. . . . Third, there is the interest of the outsider whom it would have been desirable to join. . . . [A]s Rule 19(a) expresses it, the court must consider the extent to which the judgment may 'as a practical matter impair or impede his ability to protect' his interest in the subject matter. . . . Fourth, there remains the interest of the courts and the public in complete, consistent, and efficient

---

5.  Here, TPVI's joinder would deprive the Court of diversity jurisdiction because Hovensa and TPVI are both citizens of the U.S. Virgin Islands. (Am. Compl. ¶¶ 1, 19: setting forth citizenship of Hovensa and TPVI.) Hovensa has not alleged any basis for federal subject-matter jurisdiction other than diversity jurisdiction, and no other basis exists. (Am. Compl. ¶ 4: asserting diversity jurisdiction under 28 U.S.C. § 1332(a)(2).)

> settlement of controversies. We read the Rule's third criterion,
> whether the judgment issued in the absence of the nonjoined party
> will be 'adequate,' to refer to this public stake in settling disputes
> by wholes, whenever possible . . . .

390 U.S. 102, 109-111 (1968).

The foregoing standards mandate dismissal of Hovensa's First Amended

Complaint for failure to join TPVI.

A.    TPVI Is A Required Party Under Rule 19(a).

The first Rule 19(a) factor is clearly satisfied here. Counts One and Three in the

First Amended Complaint are for alleged breach of the Construction Agreement and seek

recovery of amounts Hovensa claims are due under the Construction Agreement. (Am. Compl.

¶¶ 55-65; 72-76.) Count Two is for breach of the E&P Agreement but concerns alleged

problems with recycle compressors that were installed and commissioned by TPVI under the

Construction Agreement. (Am. Compl. ¶ 66-71; Gory Decl., Ex. 18: Construction Agreement,

Appendix A at ¶¶ 5.7.1(a) and 7.0(d).)

The accompanying Declaration of Etienne Gory and the Construction Agreement

and other evidence makes clear that TPVI is the contractor under the Construction Agreement

and that Hovensa always treated TPVI as such. The Construction Agreement and the other

evidence flatly contradicts Hovensa's allegation that TPVI signed the agreement only as Technip

Italy's agent.

Consequently, TPVI is a necessary party without whom the court cannot grant

complete relief in this breach of contract action. *Envirotech Corp. v. Bethlehem Steel Corp.*, 729

F.2d 70, 76 (2d Cir. 1984); *Rubler v. Unum Provident Corp.*, No. 04 Civ. 7102 (DC), 2007 WL

188024, at *2 (S.D.N.Y. Jan. 25, 2007) (noting inability to accord complete relief in the absence

of the principal corporate obligor: "[I]t is difficult to imagine how the issue of whether First

14

Unum breached its obligations under the Policies would be resolved without its participation in the litigation."); *Global Discount,* 960 F. Supp. at 710 (dismissing where co-obligor on contract could not be joined without destroying diversity jurisdiction); *Ryan v. Volpone Stamp Co.,* 107 F. Supp. 2d 369, 388-90 (S.D.N.Y. 2000) (purported agent was required party in action under license agreement where agent was granted rights under the license agreement and payments had been made directly to agent there under such that a "reasonable jury could find" that the agent obligated itself in addition to its principal);[6] *cf Am. Bureau of Shipping v. Tencara Shipyard S.P.A.,* 170 F.3d 349, 353 (2d Cir. 1999) (purported agent could be bound to contract containing arbitration agreement where it clearly acted, "at least in part, on its own behalf").

The second Rule 19(a) consideration — the risk of prejudice to the absent party — is also satisfied here. Permitting Hovensa to pursue this action for breach of the Construction Agreement without TPVI's participation poses a significant risk of prejudice to TPVI's interests under that agreement, particularly where TPVI is pursuing these interests in a separate lawsuit against Hovensa. In *Global Discount,* the court held that it was axiomatic that the disposition of a breach of contract action in the absence of one of the parties to the contract could "as a practical matter impair or impede [the absent contracting party's] ability to protect [its] interest." 960 F. Supp. at 708. The court noted that Rule 19(a) did not require a showing that "this Court's finding on the meaning of the contract literally binds all other courts that might give attention to the matter. Rather, Rule 19(a)(2) 'recognizes the importance of protecting the person whose joinder is in question against the *practical* prejudice to him which may arise through a disposition of the action in his absence.'" *Id.* (quoting Fed R. Civ. P. 19 advisory committee's

---

6. Because there was federal subject-matter jurisdiction under the Lanham Act, joinder of the purported agent was feasible and the court therefore did not consider the Rule 19(b) indispensability factors. *Id.* at 390.

note); *see also Kawahara Enters. v. Mitsubishi Elec. Corp.*, No. 96 CIV. 9631, 1997 WL

589011, at *2-3 (S.D.N.Y. Sept. 22, 1997) (dismissing action in absence of corporate

subsidiaries who were the sole contracting entities where unfavorable judgment against parent

corporations could either bind absent subsidiaries under *res judicata*, be considered persuasive

precedent in later proceedings or in settlement negotiations, or lead to inconsistent judgments in

later litigation); *Ente Nazionale Idrocarburi v. Prudential Sec. Group, Inc.*, 744 F. Supp. 450,

456 (S.D.N.Y. 1990) (absentee party was prejudiced by risk of preclusive effect of judgment that

absentee party breached contract).

   The third Rule 19(a) consideration is also satisfied. Hovensa's failure to join

TPVI presents a substantial risk to Technip Italy and Technip S.A. of multiple litigation or

inconsistent obligations. Hovensa may seek to sue TPVI for breach of the Construction

Agreement in another action. Moreover, in the New York state court action TPVI asserts claims

for breach of the Construction Agreement and Technip Italy asserts claims for Hovensa's breach

of the E&P Agreement and both seek a declaratory judgment that they did not breach their

respective agreements with Hovensa. (Paparella Decl., Ex. 3.) In such circumstances, courts in

this district have held that there is a risk of inconsistent obligations. *See Global Discount*, 960 F.

Supp. at 708-10 (dismissing action due to risk of inconsistent obligations where absentee had a

claim against one of the parties to the litigation which could not be resolved without its joinder);

*Ente Nazionale*, 744 F. Supp. at 456 (dismissing action due to risk of inconsistent obligations

where absentee had claims against the defendant pending in parallel proceedings before an

arbitration panel and an Italian court).

   Moreover, Technip Italy and Technip S.A. have a strong and valid interest in

avoiding sole responsibility for defending against or satisfying a judgment that may arise from

actions attributable to TPVI. *Provident Tradesmens*, 390 U.S. at 110 ("[T]he defendant may properly wish to avoid multiple litigation, or inconsistent relief, or sole responsibility for a liability he shares with another.").

      B.    TPVI's Joinder Would Deprive The Court Of Diversity Jurisdiction And The Action Cannot Proceed "In Equity And Good Conscience" In TPVI's Absence.

Each of the Rule 19(b) factors weighs in favor of dismissing Hovensa's First Amended Complaint.

First, TPVI, Technip Italy and Technip S.A have an interest in avoiding the prejudice that could arise in litigating TPVI's alleged breach of the Construction Agreement in TPVI's absence. *See* Fed. R. Civ. P. 19(b)(1). It is well settled that "a contracting party is the paradigm of an indispensable party." *Travelers Indem. Co. v. Household Int'l, Inc.*, 775 F. Supp. 518, 527 (D. Conn. 1991).

Second, there is no protective measure that could prevent the prejudice to TPVI. The presence of TPVI's corporate parent as a defendant in this case is not adequate to protect its interests as a separate legal entity. *See Rubler*, 2007 WL 188024, at *3 ("[E]ven though First Unum is a subsidiary of Unum Provident Corporation, the fact that Unum Provident Corporation would remain in the case cannot compensate for First Unum's absence."); *Kawahara Enters.,* 1997 WL 589011, at *3 (noting risk of *res judicata* to absent subsidiary by litigation against corporate parent); *Travelers Indem.*, 775 F. Supp. at 527 (inclusion of parent company as party did not overcome failure to name subsidiary that had actually issued insurance policy); *cf. Envirotech Corp.*, 729 F.2d at 76 (parent corporation was indispensable where it had rights under contracts at issue that were "inextricably intertwined with issues bound to be raised in the action solely against [the subsidiary]").

The third Rule 19(b) factor is concerned with "the interest of the courts and the public in complete, consistent and efficient settlement of controversies. . . . [and] in settling disputes by wholes, whenever possible." *Provident Tradesmens*, 390 U.S. at 111. Hovensa may attempt to sue TPVI in a separate forum. TPVI and Technip Italy have filed claims against Hovensa in New York state court, *inter alia*, for breach of the Construction Agreement and the E&P Agreement. Thus, it is clear that allowing Hovensa to pursue this action without TPVI will lead to duplicative litigation in multiple forums resulting in a "sheer waste" of the parties' and the courts' resources. *Felix Cinematografica S.r.l. v. Penthouse Int'l, Ltd.*, 99 F.R.D. 167, 173 (S.D.N.Y. 1983) (dismissing in absence of indispensable party because of risk of duplicative litigation).

Finally, dismissal would not deprive Hovensa of a remedy. Hovensa can assert its claims in the New York state court action. The parties can also resolve their disputes by arbitration in accordance with the rules of the American Arbitration Association as provided in the Construction and E&P Agreements. (Gory Decl., Ex. 5: Construction Agreement ¶ 27.2.2, Ex. 6: E&P Agreement ¶ 24.2.2.) The availability of arbitration favors dismissal where a required party cannot be joined under Rule 19. *See Corsi v. Eagle Publ'g, Inc.*, No. 1:07-cv-02004, 2008 WL 239581, at *5 (D.D.C. Jan. 30, 2008) (dismissing complaint where joinder of indispensable party was not feasible and arbitration was available remedy); *Ente Nazionale*, 744 F. Supp. at 455-56 (dismissing in absence of indispensable party where defendant agreed to submit to arbitration pending in Italy concerning same issues even though defendant was not a party to the arbitration agreement).

Hence, Rule 19(b) and the applicable case law fully support dismissal of this action on the grounds that TPVI is a required party.

## II.   THE FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM.

### A.   The Breach Of Contract Claims Against Technip S.A. On The Unsigned Guaranty Form Are Barred By The Statute Of Frauds.

Hovensa's breach of contract claims against Technip S.A. in Counts One and Two of the First Amended Complaint are based exclusively on a guaranty form that neither it nor Technip S.A. signed. (Am. Compl. ¶¶ 47-54; Picard Decl. ¶ 3.)  The form contemplates that it was to be signed by Hovensa and the guarantor: it has a blank for the execution date and states "IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by their respective authorized representatives as of the date first written above." (Gory Decl., Ex. 3.) Hovensa alleges that Technip S.A. became bound by the guaranty by emails from Technip France and Technip Italy employees approving modifications to the form during contract negotiations. (Am. Comp. ¶ 50-51; Gory Decl. ¶ 20.)  These emails were sent a month and a half before the Construction Agreement and E&P Agreement were finalized and executed. (*Id.*)

Hovensa's guaranty claim must be dismissed.  New York's Statute of Frauds provides that a guaranty is void and unenforceable unless it is "in writing, and subscribed by the party to be charged." N.Y. Gen. Oblig. Law § 5-701(a) (McKinney 2002).  Further, for the statute of frauds to be satisfied, the writing must contain all of the essential terms of the agreement. *See Griffin v. Bookman*, 39 N.Y.2d 57, 60 (1976).

*Parma Tile Mosaic & Marble Co. v. Short*, 87 N.Y.2d 524 (1996) is directly on point.  The New York Court of Appeals held in that case that a general contractor was not bound by an unsigned guaranty of its subcontractor's performance even where the general contractor had drafted and faxed the guaranty in final form to the purported beneficiary. *Id.* at 527-28. The Court held that the general contractor's signature was required to authenticate "the contents of the document for Statute of Fraud purposes." *Id.  Parma* applies here.  Emails from employees

of Technip Italy and Technip France approving modifications to the draft guaranty do not

constitute authentication of the final guaranty by Technip S.A.[7]  Technip S.A.'s signature was

required and it is lacking.  (Am. Compl. ¶¶ 48, 51.)

        Indeed, this case presents an even more compelling basis for the application of the

Statute of Frauds given the clearly incomplete nature of the draft guaranty.  The guaranty form

Hovensa sues on states that it was to be signed.  Every other agreement on the Project was

signed.  It is not plausible that Technip S.A. agreed to guaranty two signed contracts totaling

over $127 million dollars by an unsigned, undated guaranty form that did not even contain its

name.  The emails from employees of Technip S.A.'s subsidiaries agreeing to changes in the

guaranty form do not show that Technip S.A. agreed to be bound by the guaranty.  *See Farago*

*Adver., Inc. v. Hollinger Int'l, Inc.*, 157 F. Supp. 2d 252, 258-59 (S.D.N.Y. 2001) (finding an

unsigned draft agreement was not enforceable because the language of the draft left "no doubt

that [defendant] intended to be bound only by a signed agreement"); *Durable, Inc. v. Twin*

*County Grocers Corp.*, 839 F. Supp. 257, 260 (S.D.N.Y. 1993) (holding that no enforceable long

term supply contract existed based on proposed draft missing numerous essential terms and

noting "[f]or a major commitment of this type to be entered into without a writing containing all

critical terms and signed by the party to be charged is implausible"); *cf. Bell Atl. Corp. v.*

*Twombly*, 127 S. Ct. 1955, 1959, 1974 (2007) (dismissing complaint where plaintiff's allegations

---

7.   *See also Oswald v. Allen*, 417 F.2d 43, 44, 46 (2d Cir. 1969) (Statute of Frauds was not satisfied by a memorandum in which the defendant potential seller referred to the delivery terms of a prospective buyer's proposal, but did not accept the proposal as final; separate writings could be pieced together "to provide the terms of the contract - not the contractual status itself."); *AG Ltd. v. Liquid Realty Partners, LLC*, 448 F. Supp. 2d 583, 587-88 (S.D.N.Y. 2006) (series of writings did not satisfy Statute of Frauds where no writing indicated that the parties had entered a final agreement, even though some did indicate the agreement as to some terms of the contract); *Rosenfeld v. Zerneck*, 776 N.Y.S.2d 458, 461 (Sup. Ct. Kings County 2004) (e-mail messages that were exchanged did not create binding agreement because they "failed to lay out all of the essential terms of the agreement . . . .").

failed to "nudge[] [plaintiff's] claims across the line from conceivable to plausible," or to "to

raise a right to relief above the speculative level"); *Elevator Antitrust Litig. v. United Tech.*

*Corp.*, 502 F.3d 47, 50 (2d Cir. 2007) (dismissing action based on implausibility of allegations).

The implausibility of Hovensa's allegations are further shown by the fact that

prior to bringing this litigation Hovensa never asserted that Technip S.A. had issued a guaranty.

Hovensa never copied Technip S.A. on the claim letters it sent to TPVI and Technip Italy.  It

never sent any correspondence at all to Technip S.A.  Hovensa never mentioned the supposed

Technip S.A. guaranty in any of its voluminous project correspondence.  (Gory Decl. ¶ 14, Exs.

9-11.)  *See Martin Roofing, Inc. v. Goldstein*, 60 N.Y.2d 262, 268 (1983) (affirming dismissal of

a claim on purported oral guaranty finding it significant that "[d]espite its difficulties, plaintiff

never made formal or written demand for payment on defendant until it commenced this

action").

Accordingly, Hovensa's claims for breach of the Construction Agreement against

Technip S.A. (Count One) and breach of the E&P Agreement (Count Two) should be dismissed

on the grounds that they are barred by the Statute of Frauds.

B.      Count One Of The First Amended Complaint Fails To State A Claim For Breach
        Of The Construction Agreement Against Technip Italy.

Hovensa's first cause of action fails to state a claim against Technip Italy for

breach of the Construction Agreement because the Construction Agreement provides that it is

between only Hovensa and TPVI.  The Construction Agreement and the evidence contradict

Hovensa's conclusory allegation that TPVI signed the Construction Agreement as agent for

Technip Italy.[8] (*See supra* pp. 5-9.) Courts have held in similar circumstances that a parent corporation cannot be held liable as an agent for a contract executed by a subsidiary. In *Carte Blanche (Singapore) PTE., Ltd. v. Diners Club Int'l, Inc.*, 758 F. Supp. 908, 920 (S.D.N.Y. 1991), the court held that a parent company could not be held liable for its subsidiary's breach of a franchise agreement under an agency theory where the subsidiary was the only party named in the contract and the parent was "not only . . . not a named party to the contract, but the Agreement itself contains no representations by . . . the purported principal . . . as to [the purported agent's] authority as its agent." *See also Mouawad Nat'l Co. v. Lazare Kaplan Int'l, Inc.*, 476 F. Supp. 2d 414, 424 (S.D.N.Y. 2007) (parent company could not be held liable under agency theory for subsidiary's contract where subsidiary provided contractual invoices, was paid directly under the contract and was approached when issues arose under contract); *Renel Const. Inc. v. Brooklyn Coop. Meat Distrib. Ctr. Inc.*, 59 A.D.2d 391, 399 (1st Dep't 1977) (dismissing construction contractor's breach of contract claim against City of New York based on contract entered into with City's purported agent; "plaintiff does not have a right to enforce the contract with Hunts Point Coop against the City as if the contract were with the City"); *cf. Prescient Acquisition Group Inc. v. MJ Publ'n Trust*, No. 05 Civ. 6298, 2006 WL 2136293, at *4 (S.D.N.Y. July 31, 2006) (dismissing breach of contract claims against entity which was not a party to such contract).

The integration clauses contained in Article 17.1 of the E&P Agreement and Article 20.1 of the Construction Agreement also bar Hovensa's claim against Technip Italy.

---

8.  It is also settled law that "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006). *Cf. Twombly*, 127 S. Ct. at 1972; *Elevator Antitrust Litig.*, 502 F.3d at 50-51.

(Gory Decl., Exs. 5-6.) The Construction Agreement integration clause bars any claim by Hovensa that Technip Italy is a party thereto or agreed to perform TPVI's work under the Construction Agreement. At the same time, Hovensa agreed that Technip Italy's obligations concerning the Project were reflected in full in the E&P Agreement. Technip Italy's obligations cannot be expanded to include responsibilities under the Construction Agreement. *See Compagnia Importazioni Esportazioni Rapresentanze v. L-3 Commc'ns Corp.*, No. 06 Civ. 3157, 2007 WL 2244062, at *7 (S.D.N.Y. July 31, 2007) (Buchwald, J.) (holding that where a contract contained an integration clause "obligations inconsistent with the terms of a contract cannot be implied").

Accordingly, the breach of contract claim against Technip Italy asserted in Count One of the First Amended Complaint should be dismissed.

C. Count Three Of The First Amended Complaint Fails To State A Claim Against Technip Italy For Breach Of The Construction Agreement.

Hovensa's third cause of action for breach of contract based on Technip Italy purported obligation to provide an enforceable parent guaranty fails because Hovensa cannot point to any contractual obligation requiring Technip Italy to secure such a parent guaranty. Hovensa's reliance on "other written representations and promises" (Am. Compl. ¶ 74) fails in light of the integration clauses to the Construction Agreement and the E&P Agreement. *See L-3 Commc'ns,* 2007 WL 2244062, at *7.

Even if Technip Italy had a contractual obligation to provide Hovensa with an enforceable Technip S.A. guaranty, Hovensa clearly waived such obligation. "[I]t is hornbook law that a condition precedent in favor of one of the parties may be waived by that party." *Walter E. Heller & Co. v. Am. Flyers Airline Corp.*, 459 F.2d 896, 901 (2d Cir. 1972); *see also T.G.I. East Coast Constr. Corp. v. Fireman's Fund Ins. Co.*, 600 F. Supp. 178, 181-82 (S.D.N.Y.

23

1985) (contractor waived provision requiring subcontractor to post performance bond by allowing subcontractor to perform work without demanding bond). Hovensa entered into both the Construction Agreement and the E&P Agreement without requiring that it be provided with a signed, enforceable guaranty from Technip S.A. Thereafter, Hovensa never once complained of Technip Italy's purported failure to provide an enforceable parent guaranty prior to amending its complaint in this action.

## III.    THIS COURT LACKS PERSONAL JURISDICTION OVER TECHNIP S.A.

The First Amended Complaint must also be dismissed as to Technip S.A. because this Court lacks personal jurisdiction over it. Hovensa bears the burden of establishing a *prima facie* case of personal jurisdiction over Technip S.A. *See Savin v. Ranier*, 898 F.2d 304, 306 (2d Cir. 1990). The only basis for personal jurisdiction over Technip S.A. alleged by Hovensa is the incorporation of the forum selection clause contained in the Hovensa/TPVI Construction Agreement in the unsigned draft parent guaranty. (Am. Compl. ¶ 5.) However, as demonstrated above, the draft guaranty is unsigned and void and unenforceable under the Statute of Frauds (*see supra* Point II.A) and hence the forum selection clause in it does not provide a basis of personal jurisdiction over Technip S.A. *See Alpi USA, Inc. v. D & F Fashion Int'l Gemelli*, No. 06 Civ.2091 (RJH), 2007 WL 942096, at *3 (S.D.N.Y. Mar. 29, 2007) ("[W]ithout any evidence in the record other than plaintiffs' bald allegation that defendants consented to this [unsigned] forum selection provision, it would be 'premature' for the Court to find personal jurisdiction where it would otherwise not lie."); *cf. ZPC 2000, Inc. v. SCA Group, Inc.*, 86 F. Supp. 2d 274, 277-78 (S.D.N.Y.2000) (declining to apply a forum selection clause in an unsigned contract to find venue and transferring the case).

24

**Conclusion**

Defendants Technip Italy and Technip S.A. respectfully request for the foregoing

reasons that this Court dismiss Hovensa's First Amended Complaint in its entirety and award

Defendants such other and further relief as may be just and equitable.

Dated: New York, New York
      June 4, 2008

HUGHES HUBBARD & REED LLP

By: _____
    Christopher Paparella
    John Fellas
    Hagit Elul
    William Sanchez
    Beatriz Biscardi
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Attorneys for Defendants Technip Italy*
*S.p.A. and Technip S.A.*

<u>CERTIFICATE OF SERVICE</u>

I, Beatriz Biscardi, am over the age of eighteen (18) years, not a party to this action, caused a true and correct copy of the foregoing Notice of Motion, dated June 4, 2008, Defendant's Memorandum of Law in Support of Their Motion to Dismiss the First Amended Complaint, dated June 4, 2008, Declaration of Patrick Picard, dated June 4, 2008, Declaration of Etienne Gory, dated June 3, 2008, and Declaration of Christopher Paparella, dated June 4, 2008, to be served on this 4th day of June, 2008, to the following:

> VIA ELECTRONIC FILING & FEDEX
> Gabriel Del Virginia
> Law Offices of Gabriel Del Virginia
> 641 Lexington Avenue, 21st floor
> New York, NY 10022
>
> VIA E-MAIL
> George T. Shipley
> Jonathan Smith
> Shipley Snell Montgomery LLP
> 4600 First City Tower
> 1001 Fannin
> Houston, TX 77002
>
> ATTORNEYS FOR PLAINTIFF HOVENSA

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 4, 2008
        New York, New York

/s/ Beatriz Biscardi
    Beatriz Biscardi

60298870_1.DOC