USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/16/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
HOVENSA, L.L.C.,

                Plaintiff,

  - against -

TECHNIP ITALY S.P.A. and TECHNIP S.A.,

                Defendants.
------------------------------------------X

**MEMORANDUM AND ORDER**

08 Civ. 1221 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Plaintiff Hovensa, L.L.C. ("Hovensa"), a Virgin Islands corporation, commenced this action against defendants Technip Italy S.p.A. ("Technip Italy"), an Italian corporation, and Technip S.A., a French corporation, for breach of contract claims under New York state law. Plaintiff alleges subject matter jurisdiction based on diversity of citizenship. Plaintiff further alleges that venue in the Southern District of New York is appropriate based on contractual provisions in two contracts, one between Hovensa and Technip Italy and one between Hovensa L.L.C. and TVPI Ltd. ("TVPI,"), a non-party that is a citizen of the Virgin Islands, providing for exclusive venue and jurisdiction in the Southern District of New York.

    Defendants move pursuant to Federal Rule of Civil Procedure Rules 12(b)(1) and (7) and 19(b) to dismiss plaintiff Hovensa's first amended complaint for failure to join an indispensable

party, TVPI. The addition of TVPI, a Virgin Islands citizen, to the action would destroy complete diversity as Hovensa is also a citizen of the Virgin Islands.

Defendants also move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiff's claims for breach of contract against both Technip Italy and Technip S.A. Specifically, defendants argue that Technip S.A. cannot be sued for breach of contract on the basis of an unsigned draft guaranty, and that Counts One and Three of plaintiff's amended complaint fail to state a claim against Technip Italy for breach of the construction agreement, as Technip Italy is not a signatory to that contract. Additionally, defendants claim that the Court lacks personal jurisdiction over Technip S.A., a French company.

For the reasons described below, defendants' motion is granted in part and denied in part.

## BACKGROUND

Hovensa is a United States Virgin Islands ("USVI") limited liability company that owns and operates an oil refinery. (Compl. at ¶¶ 1, 6.) On or about March 10, 2005, Hovensa entered into two agreements with two wholly-owned subsidiaries of Technip, S.A, Technip Italy and TPVI, for the engineering, procurement, and construction of a Low Sulfur Gasoline Hydrotreater ("LSG") at the refinery. (Id. at ¶¶ 7, 21.)

Hovensa and Technip Italy, an Italian company, entered into a an engineering and procurement agreement ("E&P agreement") worth $77 million; Hovensa and TPVI, a Virgin Islands company, entered into a construction agreement worth $50 million. (Id. at ¶¶ 21, 25.)

Plaintiff alleges that the contracts were split for tax purposes. (Id. at ¶ 7.) Plaintiff claims that TVPI was created, "at the last minute" to sign the construction agreement on Technip Italy's behalf. (Id. at ¶ 17.) Further, plaintiff alleges that the purpose of creating TVPI was to allow Technip Italy to avoid obtaining a USVI business license. (Id.)

Additionally, plaintiff alleges that Technip S.A., parent company to both Technip Italy and TVPI, provided Hovensa with a Parent Guaranty. (Id. at ¶¶ 47-54.) Though unsigned, this guaranty was allegedly incorporated into the agreements by various emails and was included as Appendix Q to the agreements. (Id.)

In its complaint, plaintiff alleges three breach of contract claims. Count One alleges overpayments by Hovensa to Technip Italy pursuant to both the construction and E&P agreements (Id. at ¶¶ 57-65.) The substance of this claim is that Technip Italy made numerous errors including not securing a subcontract in a timely manner and not managing the project in an effective or efficient manner. (Id. at ¶¶ 31, 37-40.)

Additionally, plaintiff alleges that the piping was manufactured improperly, causing lengthy and expensive delays. (<u>Id.</u> at ¶¶ 43-45.) The net result of these purported failures was that Hovensa was "forced to pay substantially more than the agreed-upon lump-sum price." (<u>Id.</u> at ¶ 40.)

Count Two alleges a breach of contract claim against Technip Italy based on the E&P agreement due to the procurement of defective compressors. (<u>Id.</u> at ¶¶ 46, 67-71.) Count Three alleges that in the event the Court finds that no enforceable parent company guarantee exists between Technip S.A. and Technip Italy, Technip Italy breached its contractual obligation to obtain such a guarantee. (<u>Id.</u> at ¶¶ 73-77.) The disputes arising out of the two contracts are also the subject of a lawsuit commenced in the New York Supreme Court by Technip Italy and TVPI against Hovensa.

## DISCUSSION

We first address the issue of whether TVPI is an indispensable party to the claims that stem from the construction agreement to which it is a signatory. We next address whether TVPI is an indispensable party to claims under the E&P agreement. The counter-party to this agreement is Technip Italy. Defendants argue that TVPI is an indispensable party to all three of plaintiff's claims, since Count One and Three are explicitly under the construction agreement, which was

4

signed only by TVPI, and Count Two, though under the E&P agreement that was signed only by Technip Italy, involves compressors installed by TVPI.

## I. Construction Agreement

A party is indispensable[1] if it is "required" under the Federal Rules of Civil Procedure Rule 19(a) and "indispensable" under Rule 19(b).

Rule 19(a) reads:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). "It is well established that a party to a contract which is the subject of the litigation is considered a necessary party." Ryan v. Volpone Stamp Co., Inc., 107 F. Supp. 2d 369, 387 (S.D.N.Y. 2000); see, e.g., Global Detection

---

[1] The Federal Rules of Civil Procedure no longer use the term "indispensable." See Fed. R. Civ. P. 19 Advisory Committee's note to 2007 amendment. We use it here for the sake of convenience and clarity. There is no "substantive difference between the present rule and the rule as applied by the district court prior to the 2007 amendment." CP Solutions PTE, Ltd. v. General Electric Co., et al., 553 F.3d 156, 159 n. 2 (2d Cir. 2009) (citing Republic of Philippines v. Pimentel, 129 S.Ct 2180, 2184, -- U.S. -- (2008)).

and Reporting, Inc., v. Securetec Detektions-Systeme AG, No. 08 Civ. 5411 (GEL), 2008 WL 5054728, at *1 (S.D.N.Y. 2008); Global Discount Travel Services, LLC v. Trans World Airlines, Inc., 960 F. Supp. 701, 707-08 (S.D.N.Y. 1997) ("As a direct party to the contract which is under dispute, Karabu is a necessary party to this litigation for at least three reasons articulated under Federal Rule of Civil Procedure Rule 19(a)."); Travelers Indem. Co. v. Househould Intern., Inc., 775 F. Supp. 518, 527 (D.Conn. 1991) ("[P]recedent supports the proposition that a contracting party is the paradigm of an indispensable party.").

Here, at a minimum, TVPI, as a party to the construction agreement, cannot be accorded complete relief if it is not joined as a party. If the Court rejects Hovensa's position that Technip Italy is not liable to Hovensa under the construction agreement, which is a plausible outcome as Technip Italy is not a signatory to that agreement, TVPI's obligations under that contract would remain undetermined at the conclusion of this litigation. Moreover, even making the assumption that TVPI was created in order to effectuate this transaction does not lead, tautologically, to the conclusion that it has no real interest in this dispute. Further, if Technip Italy is held liable, it would have an interest in claiming over against TVPI. Thus, TVPI is properly seen as a "required" or necessary party to claims arising out of the construction agreement.

The second part of the analysis requires the Court to determine whether a party is not only "required," but also indispensable. Rule 19(b) sets out the relevant considerations as follows: "(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder." Fed. R. Civ. P. 19(b).

There is no *per se* rule that contracting parties are indispensable under the Federal Rules. See CP Solutions, 553 F.3d 159. Rather, the Court should look to Rule 19(b)'s flexible standard in order to make a determination on whether TVPI is indispensable to the claims arising out of the construction agreement. See id.

### A. The Rule 19(b)(1) Factor

The first factor is whether TVPI or Technip Italy will be prejudiced by TVPI's exclusion. Though Hovensa may also be prejudiced, it is "prejudice the plaintiff is willing to bear and therefore should not [trouble] the district court." Id.

First, as set out above, TVPI has an interest in participating in this litigation which involves a contract it

7

signed. Though TVPI and Technip Italy are part of the same corporate family, that does not necessarily make their interests unitary. See Rubler v. Unum Provident Corp., No. 04 Civ. 7102 (DC), 2007 WL 188024, at *3 (S.D.N.Y. Jan. 25, 2007)("even though First Unum is a subsidiary of Unum Provident Corporation, the fact that Unum Provident Corporation would remain in the case cannot compensate for First Unum's absence. First Unum is still a separate legal entity with separate rights and obligations from Unum Provident Corporation, and it is First Unum's rights and obligations that are at the heart of this case. In essence, the parties are asking this Court to ignore corporate legal formalities simply to create jurisdiction. . . .").

Hovensa argues that TVPI is merely Technip Italy's agent and an assetless shell corporation with no real interests. Neither of these arguments can be sustained here. First, plaintiff has no hard evidence to support the conclusion that TVPI is an agent of Technip Italy beyond the mere allegation that such a relationship exists. Indeed, the contract nowhere indicates that TVPI is signing as Technip Italy's agent. Further, that contract, as well as the E&P agreement, contains an integration clause indicating that the contract is the entirety of the agreement between the parties. (Construction Agreement at § 20.1.)

As for the argument that TVPI is a shell corporation, there is no evidence beyond the mere assertion that this is so. In fact, Technip Italy represents the opposite contention, namely that TVPI has assets. Thus it is not possible to determine to a certainty the actual state of TVPI's balance sheet from the record.[2] Although in CP Solutions, the fact that the party at issue was assetless, and consequently unlikely to be sued, was found relevant, that determination was made after years of discovery and in the context that the company had since dissolved. CP Solutions, 553 F.3d at 160. We cannot ignore the status of TVPI as a separate legal entity at this early stage of the litigation without stronger evidence that it is merely an agent or that it has no separate identity from either Technip Italy or Technip S.A.

Taken in total, all of the above mentioned reasons make this factor favor finding TVPI an indispensable party to the claims involving the construction agreement.

### B. The Rule 19(b)(2) Factor

The second factor is the extent to which any prejudice against TVPI or Hovensa could be lessened or avoided. Several potential prejudices to TVPI and Technip, Italy, including that

---

[2] Hovensa's suggestion that TVPI, a company it signed a $30 million dollar deal with, is not a real entity, but merely a shell corporation is strained and seems like an argument designed solely to manufacture federal jurisdiction.

9

TVPI and Technip Italy may have different interests despite being in the same corporate family, have been noted above. No remedy for these prejudices is apparent to the Court and plaintiff's suggest none. Consequently, this factor favors finding that TVPI is indispensable.

### C. The Rule 19(b)(3) Factor

The third factor is whether judgment rendered in TVPI's absence would be adequate. "[A]dequacy refers to the 'public stake in settling disputes by wholes, whenever possible.'" Republic of Philippines, 128 S.Ct. at 2193 (quoting Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 111 (1968)). Since a decision rendered in favor of Technip Italy without TVPI present would not necessarily settle TVPI's obligations under the contract, and no efficiency would be lost by dismissing these actions at this early stage since the Court has conducted no discovery nor gained any very detailed information about the dispute between the parties, the public's interest in handling this action by commencing a litigation containing all of the parties to the contracts outweighs any efficiency interest Hovensa may have here. Further, if Technip Italy were the losing party, they would have an interest in attacking any judgment in this Court based on the absence of TVPI, the signatory to this contract. See Rubler, 2007 WL

18024, at *3. Consequently this factor favors finding TVPI indispensable.

### D. The Rule 19(b)(4) Factor

The fourth and final factor is the existence of an adequate remedy if the claim is dismissed. While not dispositive, plaintiff has at least one, and arguably two, alternate forums available to it. First, the construction agreement provides for the option of an AAA arbitration. (Construction Agreement ¶ 27.2.1 & 27.2.2.) Second, plaintiff also could bring this suit in New York state court, or alternatively answer and bring counterclaims in the New York state court action filed by TVPI and Technip Italy.

Hovensa argues that it is not subject to personal jurisdiction in New York state court and that the courts of New York state do not have subject matter jurisdiction over the action since the construction agreement specifies the Southern District of New York as the forum for litigation. In any event, regardless of whether Hovensa can be hailed into state court in New York, it can clearly consent to personal jurisdiction in New York. Additionally, Hovensa has no particularized interest in a federal forum here. See Global Detection and Reporting, 2008 WL 5054728 at *2. While they may have a generalized interest in the forum of their choice, none of the parties have a specific connection to New York, mitigating against any fear of bias from

state courts or juries. Id. All the claims are New York state law claims, claims that New York state courts are obviously fully competent to adjudicate. Id.

Further, although the parties purported to contract to jurisdiction in this court, their effort was unavailing. Federal courts are courts of limited jurisdiction and may not entertain matters over which they do not have subject-matter jurisdiction. Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001). Subject-matter jurisdiction cannot be waived by the parties, nor can it be created by the consent of the parties. Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701-702 (1982). Here, the necessary parties are non-diverse and as no federal question is raised in this litigation, there is no basis for federal subject matter jurisdiction. Consequently, the forum selection clause is properly viewed as non-mandatory and alternative fora can be considered.

In sum, TVPI is clearly indispensable to the resolution of claims arising from the construction agreement. Consequently, Claim One is dismissed since joining TVPI destroys complete diversity and Claim Three is dismissed insofar as it relates to the construction agreement.

**II. E&P Agreement**

12

Count Two of plaintiff's first amended complaint makes allegations against Technip Italy under the E&P agreement. Specifically, this claim alleges design defects with the compressor units procured by Technip Italy in association with the LSG construction. As noted earlier, Technip Italy and Hovensa are the only signatories to this contract. Nonetheless, defendants argue that TVPI is not only a necessary party to this claim, but that it is an indispensable one.

We reject defendants' contention and hold that TVPI is not a necessary party to this claim. First, TVPI is not a signatory to the E&P agreement and does not have any obligations under it. Second, Count II of the first amended complaint only alleges claims against Technip Italy for procuring defective compressors and does not allege any breach stemming from TVPI's installation of those compressors. Under these circumstances, Hovensa can obtain complete relief under the E&P agreement from Technip Italy. Further, there is no risk of impairment to TVPI's interests. Consequently, we hold that TVPI is not a necessary party to the Claim Two of Hovensa's first amended complaint and the action can proceed against Technip Italy on this claim.

### III. Claims against Technip S.A. Pursuant to the Unsigned Guarantee

Hovensa maintains that Technip S.A. is liable on all the claims against Technip Italy and TVPI on the basis of an parent

13

guarantee. It is undisputed that there is no signed parent guarantee agreement between Hovensa and Technip S.A. Nevertheless, Hovensa argues that by attaching an unsigned draft guarantee, which contains unfilled blank spaces and does not specify who the guarantor is, that Technip S.A. agreed to guarantee two contracts with a total value of $127 million. In the alternative, in Count Three, plaintiffs allege that Technip Italy breached a contractual obligation by failing to provide a parent guarantee on behalf of Technip S.A. under both the construction and E&P agreements.[3]

We find numerous defects with these claims. First, the incomplete and unsigned guarantee does not even specify the identity of the guarantor. Hovensa argues that it was Technip Italy's responsibility to fill out the forms and its failure to do so should not be viewed as a waiver by Hovensa. Hovensa's argument is difficult to follow. Hovensa, a sophisticated party who drafted the contracts at issue here and engaged in an arms-length business deal with another sophisticated party for millions of dollars, was hardly compelled to sign the contract without a completed and signed guarantee. Though attached to the appendices of the contract, the form, in its totally incomplete state, does not satisfy the statute of frauds nor can it be read to hold a non-signatory to the contract potentially

---

[3] As far as this claim relates to the construction agreement, it has already been dismissed for the failure to join TVPI.

liable for $127 million. Thus, Technip S.A. has no liability under the unsigned guarantee.

Second, Hovensa argues that the parent guarantee was a condition precedent to both contracts and that it should thus be read into those transactions with Technip Italy. We disagree. The undisputed fact is that Hovensa executed an agreement with Technip Italy with an unexecuted parent guarantee. Even assuming that the guarantee was a condition precedent, it was clearly waived. See Walter E Heller & Co. v. Am. Flyers Airline Corp., 459 F.2d 896, 901 (2d cir. 1972). Consequently, no liability can attach to Technip Italy from the absence of a guarantee.

Third, the contract contains an integration clause which reads: "This agreement, including the Appendices and other documents incorporated by reference is the entire agreement between Hovensa and Contractor regarding the matters covered herein and there are no other agreements, representations or obligations for the work." E&P agreement § 17.1.[4] This integration clause precludes Hovensa's efforts to rely on pre-contractual communications to create a binding obligation to provide a parent guarantee. This Court has held that, "obligations inconsistent with the terms of a contract cannot be implied". Compagnia Importazioni Esportazioni Rapresentanze v.

---

[4] The construction agreement contains an identically worded clause. Construction Agreement § 20.1.

15

L-3 Commc'ns Corp., No. 06 Civ. 3157, 2007 WL 2244062, at *7 (S.D.N.Y. July 31, 2007). Promissory estoppel is "a rule applicable only in the absence of an enforceable contract." Holmes v. Lorch, 329 F.Supp.2d 516, 527 (S.D.N.Y. 2004). Indeed, "applying promissory estoppel to create contractual obligations where a comprehensive contract exists would contravene the fundamental rules that extrinsic evidence cannot be used to vary the unambiguous terms of a contract . . . and that obligations inconsistent with the terms of a contract cannot be implied." Hartford Fire Ins. Co. v. Federated Dept. Stores, Inc., 723 F.Supp. 976, 993 (S.D.N.Y. 1989) (citations omitted). To find new obligations in a transaction governed by two comprehensive contracts with integration clauses on the basis of an unsigned draft agreement and allegations that promises were made outside of these contracts seems antithetical to the purposes of sophisticated parties using integration clauses in the first place.

Consequently we dismiss Technip S.A. from this action as there is no enforceable agreement between Technip S.A. and Hovensa. Additionally, Count Three of plaintiff's first amended complaint is dismissed, as any obligation to secure a parent guarantee was waived and the contract, which contains an integration clause, does not require such a guarantee.

## CONCLUSION

For the foregoing reasons, we grant defendants' motion to dismiss for failure to join an indispensable party in so far as it relates to claims alleging a breach of the construction agreement. Additionally, we grant defendants' motion to dismiss Technip S.A. Accordingly, Count One and Three are dismissed in their entirety. Defendant's motion to dismiss Claim Two of plaintiff's amended complaint is denied insofar as it pertains to Technip Italy's alleged breach of the E&P agreement.

Finally, Hovensa is directed to inform this Court within two weeks as to whether it will pursue this litigation in this forum or utilize another forum in which the entirety of the dispute may be litigated.

Dated: New York, New York
March 16, 2009

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of the foregoing Order have been mailed on this date to the following:

Gabriel Del Virginia, Esq.
641 Lexington Avenue, 21st Fl.
New York, NY 10022-4503

Christopher Paparella, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004-1482